SOMERS LUMBER COMPANY, A CORPORATION, ETC., RESPONDENT, v. MORRIS D. KAUFMAN AND MICHAEL WEINER, TRADING AS KAUFMAN & WEINER, APPELLANTS.

Submitted February 13, 1926—Decided May 17, 1926.

1. Section 5 of the Mechanics' Lien act (*Pamph. L.* 1898, *p.* 539) makes the owner, in case he pays an installment of the contract price in advance of the time when by the contract it comes to be due, liable to any claimant who serves a stop-notice before such installment comes to be due.
2. Where a building contract, duly filed in the county clerk's office, provided that all payments should be made upon the certificate of the architect named therein, the owner is liable to a party furnishing labor or materials, who served notice prior to the issuance of any such certificate, to the full amount of his claim, not exceeding the full amount of such advance payments.
3. A judgment entered upon a directed verdict and brought up for review will be affirmed if correct upon any legal ground, although the reason advanced by the court below is erroneous.

On appeal from the Atlantic County Circuit Court.

For the appellants, *Bourgeois & Coulomb.*

For the respondent, *Cole & Cole.*

The opinion of the court was delivered by

TRENCHARD, J.   This action was brought by the plaintiff below pursuant to a stop-notice given under a construction contract, wherein one Arbegast was the builder and the defendants were the owners.   The contract, which was duly filed in the county clerk's office, contained the following provision:

"Party of the first part agrees to pay for said labor and materials the said sum of twenty-two thousand four hundred and twenty-six [$22,426] dollars, in manner following:

> When foundations are erected . . . . . . . $2,500
> When third story joists are set . . . . . . . 3,500
> When ready for plastering . . . . . . . . . . 4,000

"In addition to the above-provided payments the parties of the first part agree to pay on account of said contract, as the work shall progress, the sum of ten thousand [$10,000] dollars, which shall be for the brick, lumber and materials as same are delivered in Atlantic City.   Payments to be advanced for the purchase price of said materials in payment as bills of lading for same are delivered and the materials so delivered in Atlantic City shall be immediately placed at the location of the building to be erected and shall become the property of the first party.   The balance or sum of twenty-four hundred and twenty-six [$2,426] dollars, together with any sum or sums that may not be required for the payment of materials as above provided which remains unpaid on the contract price at the completion of the said building, shall be paid within sixty days after the proper completion and approval of same by Lewis R. Barber, architect, *and payments of all of the above amounts to be made shall be paid upon the certificate of the said architect.*"

At the trial it was stipulated that there were, in fact, *no architect's certificates issued for any of the payments made as provided for in the contract.* The trial court directed a verdict for the plaintiff for $1,260.16 (being the price of materials furnished, with interest) on the ground, among others that the failure to obtain the architect's certificate before the payments were made constituted these payments as advances made before they became due, according to the terms of the contract.

We are of the opinion that the trial judge was right.

The filed contract, as we have seen, contained the provision that:

"*Payments of all of the above amounts* [which includes payments for all materials furnished, such as lumber supplied by plaintiff] *to be made shall be paid upon the certificate of the said architect.*"

We have pointed out that no certificates were ever issued by the architect for the payments made by the defendants.

Section 5 of the Mechanics' Lien act provides as follows:

"If the owner or owners of any building or other property which, by this act, is made the subject of liens for or toward the construction, altering, repair or improvement of which labor or services have been performed or materials furnished by contract, duly filed, shall, for the purpose of avoiding the provisions of this act, or *in advance of the terms of such contract,* pay any money or other valuable thing on such contract, and the amount still due to the contractor, after such payment has been made, shall be insufficient to satisfy the notices served in conformity with the provisions of this act, such owner or owners shall be liable in the same manner as if no such payment had been made." *Pamph. L.* 1898, *p.* 539.

The purpose of section 5 is to make the owner, in case he pays an installment of the contract price in advance of the time when by the contract it comes to be due, liable to any claimant who serves a stop-notice before such installment comes to be due. *Kreutz* v. *Cramer,* 64 *N. J. Eq.* 648; *Daley* v. *Somers Lumber Co.,* 70 *Id.* 343; *affirmed,* 71 *Id.* 307.

The payments under the contract in the present case were due "upon the certificate of the said architect." In *Slingerland* v. *Binns,* 56 *N. J. Eq.* 413, it was declared that under section 5 the owner shall not in any way discharge his liability to pay under the contract, until, *according to the terms of the contract,* the time to do so has arrived, in order that until that time such liability may be preserved for the benefit of workmen and materialmen, who serve the statutory notices. In *Daley* v. *Somers Lumber Co., supra; affirmed, supra,* the court held that where a building contract duly filed in the county clerk's office, provided for final payment on certificate of the architect, the owner is liable to parties furnishing labor and materials who served notice prior to the issuance of the final certificate, to the full amount of their claims, not exceeding the full amount of such final payment. The principle laid down in that case is the same whether by the terms of the filed contract a certificate is to be procured before the final payment, or before the first payment, or before any payment. And so where, as here, a building contract, duly filed in the county clerk's office, provided that all payments should be made upon the certificate of the architect named therein, the owner is liable to a party furnishing labor or materials who served notice prior to the issuance of any such certificate, to the full amount of his claim, not exceeding the full amount of such advance payments. In the present case the defendants admitted that they made advances without the certificate of the architect, *which the contract required,* but seek to excuse them on the ground that they "could not get" the certificates because they could not find the architect. To this contention it is a sufficient answer to say that the record discloses clearly that the defendants made no reasonable or proper effort to find the architect before making the payment or payments which, in the circumstances of this case, fixed their liability. There is no proof, and it is not contended, that the conduct of the architect was either unreasonable or fraudulent regarding the issuing of certificates in respect to the payments made in advance of the terms of the contract, so, therefore, the case of *Rizzolo*

v. *Poysher*, 89 *N. J. L.* 618, and others cited by defendants, are nowise in point or applicable to the issue raised in the case at bar.

The plaintiff gave the defendants two stop-notices, one on March 1st, 1923, for $811.70, and the other on March 3d, 1923, for $274.70. At that time the defendants had paid Arbegast, the builder, $13,460, very much more than the amount required to fully pay and satisfy the claim of the plaintiff. The plaintiff (subcontractor), by virtue of the stop-notices duly given, therefore stood in the place and stead of Arbegast, the builder, and was entitled to payment of the amount represented by such stop-notices, and, had the defendants adhered to the terms of the contract, there would have been ample moneys to have paid such claims. The defendants had, in contemplation of law, enough of the contract price in hand to satisfy the plaintiff's claim upon it. *Reeve* v. *Elmendorf*, 38 *N. J. L.* 125; *Stone Post Co.* v. *Corcoran*, 80 *Id.* 549, 551. The plaintiff under this filed contract, who furnished materials used in the construction of the building contemplated by the contract, had a right to rely upon the terms of that contract and that the terms would be adhered to by the owner. The failure to obtain the architect's certificates before the payments were made constituted those payments as advances made before they become due, according to the terms of the contract. The verdict for the plaintiff was therefore properly directed.

The defendants contend, erroneously, as we think, that the trial judge did not direct the verdict upon that ground. But, however that may be, a judgment entered upon a directed verdict and brought up for review will be affirmed if correct upon any legal ground, although the reason advanced by the court below is erroneous. *Marinette Knitting Mills* v. *Rosenthal, ante, p.* 128.

The judgment below will be affirmed, with costs.

*For affirmance*—TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, CAMPBELL, WHITE, GARDNER, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ. 12.

*For reversal*—None.