EDWARD HARVENDER, PETITIONER-RESPONDENT, v. UNITED STATES FIDELITY AND GUARANTY COMPANY ET AL., RESPONDENT-PROSECUTOR.

Submitted January 31, 1930—Decided August 2, 1930.

Before Justices TRENCHARD, LLOYD and CASE.

For the prosecutor, *McDermott, Enright & Carpenter*.

For the respondent, *David Roskein*.

PER CURIAM.

This is a workmen's compensation case and is here on *certiorari* directed to the Court of Common Pleas of Essex county. Edward Harvender suffered with an occupational disease and was awarded compensation by Deputy Commissioner Goas. Claiming not to have received from his employer, the Cotex Corporation, the compensation directed by the commissioner, a petition was filed in the Essex Common Pleas praying judgment that the corporation and the present prosecutor, the United States Fidelity and Guaranty Company, or, in the alternative, the Travelers' Insurance Company, be required to pay the moneys due under the award. On this an order to show cause was allowed and after stipulations and argument of counsel, judgment was entered against the Cotex Corporation and the United States Fidelity and Guaranty Company. The present writ was taken out by the latter company.

Eighteen reasons are advanced by the prosecutor for reversal of the judgment and these are argued in its brief under five heads.

First, that the court was without jurisdiction against the Guaranty Company and for this it relies on the eighth section of the Employers' Liability act as amended by chapter 178, laws of 1917, which provides that an employer shall be liable primarily for the payment of compensation and that the employer shall have recourse for that amount against the insurance carrier, to which is added this language: "But the insurance carrier shall be directly liable to the injured employe, or his dependents, in the event of the death, insolvency, bankruptcy or other proceedings, as a result of which the conduct of the employer's business may be and continue to be in the charge of an executor, administrator, receiver, trustee or assignee," it being contended that this was the limit of the insurer's liability to the employe.

Section 10 of the same act, however, provides that the contract of insurance shall further provide or be construed to provide that "any injured employe or his dependents may enforce the provisions thereof to his or their benefit, either

by agreement with the employer and the insurance carrier, in the event that compensation be settled by agreement, or by joining the insurance carrier with the employer in his petition filed for the purpose of enforcing his claim for compensation, or by subsequent application to the Court of Common Pleas, upon the failure of the employer, for any reason, to make adequate and continuous compensation payments."

The trial judge concluded that paragraph 10 was supplementary to paragraph 8 and that the petitioner in applying to the court for relief in this case was within its contemplation and with this view we agree.

The prosecutor contends, however, among other things, that the right conferred by the last part of section 10 was not available to the petitioner inasmuch as there is no evidence of the failure of the employer to make adequate and continuous compensation payments.

Our reading of the proceedings leads us to the conclusion that this contention is well founded. The petition in paragraph 6 avers that since the rendering of the award the Cotex Company and the insurance companies have failed to make adequate and continuous compensation payments in accordance with the terms of said award. To this petition an answer and amended answer were filed by the Fidelity and Guaranty Company and in both of these answers denial is made that the Cotex Corporation has failed to make compensation, but admits that the insurance company has not paid.

The opinion and findings of the learned judge go principally to the consideration of the proper construction of the act of 1917, and assumes that there was failure to make payments of the award by the employer. Unfortunately this does not seem to be the case. The averment in the petition is met by a denial which imposed on the petitioner a burden of proof and the record is barren of either proof, stipulation or admission of this requisite jurisdictional fact.

As to the other points raised we are inclined to think they are without merit. Points 2 and 3 are concluded by

the proceedings before the deputy commissioner. We think the act is constitutional and that the proceedings were by due process of law. The act requires that the contract shall provide or be construed to provide as between the employe and the insurance carrier that jurisdiction of the employer shall be jurisdiction of the insurance carrier. It was, therefore, bound to take notice of the litigation which antedated the present petition, and of the present petition it had notice and to it made response.

For the error indicated, the case must go back for further proceedings and to that end the judgment is reversed.