CENTRAL SURETY AND INSURANCE CORPORATION, PROSECUTOR, v. PAUL GEIRSKY ET AL., RESPONDENTS.

Argued January 18, 1933—Decided August 19, 1933.

Before Justices PARKER, LLOYD and HEHER.

For the prosecutor, *Frank G. Turner.*

For the respondents, *Brody & Weisberg* (*Joseph Kraemer*, of counsel).

PER CURIAM.

The *certiorari* in No. 209 is to review a judgment of the Common Pleas Court of Essex county in a workmen's compensation case and in No. 232 we have a motion to dismiss the writ.

The motion to dismiss is denied and we proceed to consider the reasons urged for reversal of the judgment. The first and third of these are that the court below was without jurisdiction to award judgment against the insurance company because its policy did not cover the loss sustained by the respondents.

The policy was issued to respondents' employer and covered employes in "chicken coop assembling and carpentry shop only including lumber yard and storage" and in connection therewith drivers and their helpers, chauffeurs and their helpers."

The claimant was a farm hand working on the farm of the insured and while leading a farm horse which the employer

had bought for farm purposes he was hit by an automobile and injured.

Our examination of the policy convinces us that it did not cover the loss. The policy is evidently intended to insure a mechanical business employment only.

Item three of the coverage refers to all factories, shops, yards, buildings, premises or other work places, 95 Bragaw avenue, Newark., Included in this are all business operations conducted at this place; (1) all industrial operations on the premises; (2) all office forces; (3) operations not on the premises.

Item four declares that this enumeration and description of employes includes all persons employed in the service of the employer in connection with the business operation above described, meaning, of course, the chicken coop assembling. There is no proof in the case that the farm or its operation had anything to do with the business of building or assembling chicken coops or the buildings connected therewith.

There are other reasons urged on reversal, among them that the right of trial by jury was denied to the appellant. There is much to be said in support of this reason. The question in this case is not whether the claimant was entitled to recover against his employer by a finding on which under the statute providing for bringing the answer in by rule, &c., the insurer would be bound, but whether the appellant's policy had insured against the loss which had occurred. As, however, we think the policy by its terms did not cover the farm employes of the insured, it is not necessary to decide this reason for reversal.

The judgment is reversed.