FRANK STEFANIK, PROSECUTOR, v. OCEAN ACCIDENT AND GUARANTEE CORPORATION, DEFENDANT.

Submitted May 5, 1936—Decided September 10, 1936.

Before Justices PARKER and LLOYD.

For the prosecutor, *Felix Rospond.*

For the defendant, *Isidor Kalisch.*

PER CURIAM.

The case presents several questions of practice under the Workmen's Compensation act, which need not be definitely decided, for reasons which will appear.

Prosecutor was an employe of Mira Theatres Corporation, which appeared to control two moving picture houses, one called the Essex Theatre, at No. 100 Springfield avenue, Newark, the other called the Congress Theatre on South Orange avenue, also in Newark. The Mira Corporation carried compensation insurance with the Ocean company, defendant above named, covering accidents at the Essex Theatre and that alone, though including in item 6 of the coverage clauses, "all operations necessary, incident or appurtenant thereto, or connected therewith, whether such operations are conducted at the work places defined and described in said declarations or elsewhere in connection with, or in relation to, such work places."

Petitioner was injured while working, not at the Essex Theatre named in the policy, but at the Congress Theatre. He brought his petition for compensation in the bureau

against the employer Mira Corporation, not mentioning the insurer or insurance in any way. The omission, if he intended to rely ultimately on the insurance, may be excused by the fact that the case of *Brown* v. *Conover,* 116 *N. J. L.* 184; 183 *Atl. Rep.* 304, holding that the insurer may be joined in the original petition, had not then been decided. The case proceeded to an award against the employer alone, which was not appealed. Payments of compensation having ceased, petitioner, relying on the language of section 10 of the "Compulsory Insurance act" of 1917 (*Pamph. L.,* (at *p.* 526) ; *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3899, § **236-77), filed his petition against the present defendant in the Common Pleas. The language is : "or by subsequent application to the Court of Common Pleas, upon the failure of the employer, for any reason to make adequate and continuous compensation payments." Defendant moved for a dismissal of the petition in the Pleas on several grounds, the first as stated in its notice filed April 20th, 1936, being in effect a demand of oyer of the policy and asserting that such oyer would show that the policy did not cover the accident in question. The Pleas struck out the petition on two stated grounds, which we incline to think are ill-founded but which as we said at the outset, need not be definitely passed upon, if, as we conclude, the judicial action can be supported on any other legal ground. *McCrory Stores* v. *S. M. Braunstein, Inc.,* 99 *N. J. L.* 166; 122 *Atl. Rep.* 814; *Somers Lumber Co.* v. *Kaufman,* 102 *N. J. L.* 601; 133 *Atl. Rep.* 200.

The original petition against the employer is not laid before us; but the bureau award finds that petitioner was employed as handy man at the Essex Theatre, and on the day of the accident was directed to go to the Congress Theatre "for the purpose of making certain electrical repairs and performing other duties" and that "while thus engaged he sustained accidental injuries which arose out of and in the course of his employment with the respondent." The fourth specific finding states that petitioner was then "under the supervision and control of the management of the Essex Theatre, and that the tools, ladders and equipment which he

was using in the performance of [his] duties had been transferred from the Essex Theatre * * * pursuant to the instructions of the manager," &c. All of which is doubtless true, but which altogether fails to intimate that petitioner was doing Essex Theatre work at Congress Theatre. And the petition in the Pleas against the insurance company merely alleges an accident in the Mira Corporation employment, the award, and the subsequent failure to pay: annexing a copy of the determination in the bureau.

The Chief Justice, who allowed the writ of *certiorari,* also made an order that the petition in the Pleas be amended by annexing a copy of the entire insurance policy, which is now before us, and by the express terms of the order is to "be considered by the reviewing court as though the petition originally contained the said insurance policy *in toto.*"

The procedure has been described in some detail in order to make it clear that there is nothing in the original finding, or in the petition to the Pleas, or elsewhere in the record, to suggest that the accident at the Congress Theatre was connected in any way with work at the Essex Theatre. The use of the same implements means nothing in that regard. Consequently the petition with policy annexed, presented no case for judicial consideration, and the present writ must be dismissed.

This result makes it unnecessary to consider the constitutional questions of trial by jury, &c., though we incline to think them without merit in view of the case of *Sexton* v. *Newark Dist. Tel. Co.,* 84 *N. J. L.* 85; 86 *Atl. Rep.* 451; 86 *N. J. L.* 701; 91 *Atl. Rep.* 1070, and the express agreement in the policy to be amenable to the Workmen's Compensation act.

Let the writ be dismissed, with costs.