SAMUEL ROSENBLOOM, PLAINTIFF-APPELLANT, v. GREAT AMERICAN INDEMNITY COMPANY OF NEW YORK, A CORPORATION, DEFENDANT-APPELLEE.

Submitted January 17, 1939—Decided April 13, 1939.

338

Before Justices TRENCHARD, PARKER and PERSKIE.

For the appellant, *Levinson & Levinson* (*Louis E. Levinson,* of counsel).

For the appellee, *Durand, Ivins & Carton* (*Robert V. Carton,* of counsel).

The opinion of the court was delivered by

PERSKIE, J.   The question we are called upon to decide is whether plaintiff, under his policy with defendant, is entitled to recover from the latter the moneys which he was obliged

to pay in order to satisfy a judgment which a servant in his household had recovered against him under our Workmen's Compensation law. In other words, is that servant covered by the policy?

The answer to the question requires a construction of the policy. The facts are stipulated. From the record as submitted, we learn that on July 17th, 1937, defendant issued to plaintiff its "standard workmen's compensation and employers' liability policy." Defendant by that policy agreed, among other things, with plaintiff "to pay promptly to any person entitled thereto * * *" because of plaintiff's obligation to such a person under our Workmen's Compensation law "for any such injury imposed or accepted by this employer * * *;" and further "to indemnify" (plaintiff) against loss by reason of liability imposed upon him under our Workmen's Compensation laws. It was further agreed (paragraph VI) that the policy should apply "to such injuries so sustained by reason of the *business operations* described in said declarations which for the purpose of this insurance shall include all operations necessary, incident or appurtenant thereto, or connected therewith, whether such operations are conducted at the work places defined and described in the declarations or elsewhere in connection with, or in relation to, such work places;" and that the premium (paragraph VII-A) is based "upon the entire remuneration earned, during the policy period, by all employes of this employer *engaged in the business operation* described in said declarations together with all operations necessary, incident or appurtenant thereto, or connected therewith whether conducted in such work places or elsewhere in connection therewith or in relation thereto." (Italics ours.)

The declarations forming part of the policy clearly state, among other things (item I), that the plaintiff-employer is "S. Rosenbloom doing business as Service Print Shop, P. O. Address 417 Bond Street, Asbury Park, Monmouth County, New Jersey;" under item 3, "Schedule of Operations," estimating the premiums for the policy period, it states that only the business employes of the Service Print Shop are included or covered; and under item 5 it states that plaintiff

was conducting "no other business operation in New Jersey not disclosed in item 3."

Although the stipulation makes no reference thereto, counsel have agreed, in their respective briefs, and the state of the demand so states, that on Novmber 16th, 1937, plaintiff "employed one Betty Richardson to perform certain services (at $7 a week) in his residence" which was at 605 Fourth avenue, Asbury Park, New Jersey. No claim is made that the services were in anywise connected with or related to plaintiff's printing business. We gather from the briefs that she was a domestic in his household. On November 20th, 1937, she was injured. She commenced proceedings to recover compensation. Plaintiff notified defendant of this fact, but defendant, disclaiming liability under the policy, refused to defend the action. In the meantime, the employe recovered a judgment by default against plaintiff who subsequently opened the same, reduced the amount thereof to $400 and as so reduced paid it. Plaintiff then instituted suit for this amount ($400) plus a fee of $75 which he paid to his attorney. As already stated, the judge below found that the injured employe was not covered, by the policy referred to, and entered a verdict of no cause for action. From a judgment founded upon that verdict plaintiff appeals.

1. We think that the court below correctly concluded that the policy did not cover plaintiff's loss. It seems clear to us that defendant's policy covers only the operation of plaintiff's printing business and his employes in that business. It does not cover plaintiff's servants in his household. That being so, the result is inescapable; defendant was not obliged to indemnify plaintiff for his loss. *Cf. Central Surety and Insurance Corp.* v. *Geirsky,* 11 *N. J. Mis. R.* 716; 168 *Atl. Rep.* 38; *Stefanik* v. *Ocean Accident and Guarantee Corp.,* 14 *N. J. Mis. R.* 708; 186 *Atl. Rep.* 778; *Church* v. *Consolidated Indemnity Insurance Co.,* 12 *N. J. Mis. R.* 722; 174 *Atl. Rep.* 488; *affirmed,* 115 *N. J. L.* 204; 178 *Atl. Rep.* 778.

Before leaving this phase of the case we desire to mark the fact that we have not overlooked the argument made, upon the fact, if such it be, that plaintiff three months after the date of the contract placed the name of Betty Richardson on

the payroll with his other employes and paid her salary as he paid his other employes of his printing business. Obviously, this argument seeks application of paragraph V of the policy which provides: "* * * this agreement shall apply to such injuries sustained by any person or persons employed by this employer whose entire remuneration shall be included in the total actual remuneration for which provision is hereafter made upon which remuneration the policy is to be computed * * *."

A complete answer to this argument is that there is nothing in the record to support the assumed fact upon which the argument is predicated. And, moreover, as we have already shown, even if the name of Betty Richardson was placed upon the payroll—as plaintiff claims—there is nothing in the proofs to justify the conclusion that plaintiff, under the policy, had any legal right so to do; she was not an employe of plaintiff's printing business.

2. Plaintiff's insistence to the contrary notwithstanding, there is, in our opinion, no liability, under the proofs of the case at bar, upon defendant by virtue of *R. S.* 34:15-87. By the provisions of this act, pertinent here, the legislature prohibited the issuance of a policy, under the provisions of the Workmen's Compensation act, containing "any limitation of the liability of the insurer to an amount less than that payable by the assured on account of his entire liability under the Workmen's Compensation act," and the legislature further provided that "no provision of such policy shall be construed to restrict the liability of the insurer to any stated business, plant, location, or employment carried on by an assured unless the business, plant or location or employment excluded by such restriction shall be concurrently separately insured *or excepted as provided by this act.*" (Italics ours.)

While the legislature has thus unquestionably curtailed the field of non-liability in workmen's compensation insurance policies, it has not made such policies so all inclusive as to cover every type of employer. On the contrary, it has specifically excepted those employers who at the time of the passage of the act were exempt, such as employers of farm laborers and domestic servants. *R. S.* 34:15-92. The case

at bar is controlled by the adjudications prior to the enactment of *R. S.* 34:15-87.

3. Under paragraph III of the policy defendant agreed, in substance, to defend, in the name of the assured, all suits brought against him seeking compensation, &c., notwithstanding the fact that such suits may be "groundless, false or fraudulent." By virtue of this provision plaintiff now urges that defendant is liable to him to the extent, at least, of $75 which he was obliged to pay counsel in defending the suit of Betty Richardson. The point is not properly before us. It was not raised or argued below; it cannot, therefore, be raised or argued here for the first time. The parties, moreover, submitted their cause to the trial judge on a stipulation of the facts. In that stipulation it was agreed: "The question to be submitted by the parties for the court's determination is whether or not an employe, employed by the plaintiff in his home, and not mentioned in the rider attached to the policy of insurance, is covered by this policy." And the parties further agreed that if the judge found for the plaintiff then a judgment of $475 should be entered in his favor, and if the judge found in favor of defendant then a verdict of no cause for action should be entered. The trial judge determined the cause in accordance with that stipulation.

There is no merit to the other points argued.

Accordingly judgment is affirmed, with costs.