PASSAIC COUNTY COURT OF COMMON PLEAS.

JOSEPH WEIR, PETITIONER, v. NEW AMSTERDAM CASUALTY COMPANY, DEFENDANT.

Decided March 24, 1941.

For the petitioner, *Isadore Rabinowitz* and *Schwartz & Schwartz*.

For the defendant, *James J. Skeffington*.

DELANEY, C. P. J. On March 22d, 1939, in the Workmen's Compensation Bureau, the petitioner, Joseph Weir, filed his original petition for compensation, alleging that on the preceding January 28th he sustained both temporary and permanent injuries in an accident arising out of and in the course of his employment. In that petition he named Clinton Hill Painters and Decorators as his employer and the present defendant, New Amsterdam Casualty Company, as his employer's insurance carrier. On or about April 4th, 1939, the New Amsterdam Casualty Company caused an answer to the petition to be filed; in form, the answer was

signed "Clinton Hill Painters & Decorators by William A. Davenport, Agent, and Attorney;" but it was concededly the answer of the insurance company. The answer did not deny the alleged accident, but set up only that the petition was prematurely filed; that the respondent had not denied petitioner's right to permanent disability, but had requested an informal hearing thereon; that a date for the same, namely, March 31st, had been, in fact, fixed, the petitioner not attending; that the respondent would apply to the court for an examination of the petitioner in order that the percentage of his permanent disability, if any, might be determined, but would resist claims for fees and costs; and, finally, that whatever temporary disability followed the petitioner's accident had already ceased.

The fact is that before the filing of petitioner's petition for compensation and after the receipt by the New Amsterdam Casualty Company on February 17th, 1939, upon its own printed form "C," of a detailed report of petitioner's injury, it had paid him, "for temporary disability," the total sum of $100 for five weeks, running from February 4th to March 10th, 1939, at the rate of $20 a week. That report stated the employer to have been "Clinton Hill Painters Decorators" and that the occupation of Weir was that of "carpenter," and in answer to question 16 of form "C," reading "Exact location of accident. If away from plant, give town, street and number," declared "999 Broad St. Newark, N. J." —a place away from the insured's shop. With this knowledge of the character of Weir's employment and of the place and circumstances of his accident, the insurance company made him the aforesaid payments "for temporary disability."

On June 20th, 1939, the case was formally tried in the Workmen's Compensation Bureau at Paterson (the petitioner being a resident of Passaic County)—the fact of petitioner's accident or of its having arisen out of and in the course of his employment not being in issue; witnesses were sworn and heard both for the petitioner and for the respondent, Clinton Hill Painters and Decorators; and on behalf of the latter, the insurance company produced two medical experts on the extent of petitioner's permanent disability, and paid

them for their testimony. The petitioner, among other things, testified that Clinton Hill Painters and Decorators was his employer, and that he believed Harry Pilchman to be the proprietor and Louis Lipschultz the foreman. On the other hand, Pilchman, sworn for the respondent, testified quite casually and incidentally that, at the time of the petitioner's accident, petitioner was employed by a firm, trading as "Clinton Hill Painters and Decorators," composed of himself and the said Lipschultz; but this apparently was not the main point or the chief object of his evidence; it seems, as it appears in the record, as if subsidiary to another purpose altogether, namely, the petitioner's own representation to the witness as to his physical condition on a named date.

During this hearing in the Bureau, no claim was made, nor any intimation given, that if the petitioner should obtain an award—and an award for some sum, under the testimony of the respondent's own medical experts, seemed inevitable, and must have been foreseen—the New Amsterdam Casualty Company would not be answerable for it. As far as was disclosed or hinted, the insurance company was defending the case in the ordinary circumstances and for the usual purposes. No peculiarity about the defense can be discerned or inferred.

The determination of facts and rule for judgment dated June 27th, 1939, ran, in fact, in favor of the petitioner; it allowed him compensation for temporary disability beyond that for which the New Amsterdam Casualty Company had previously paid, as above noted, and compensation for permanent disability based on the percentage of permanent disability found to exist; it directed respondent to pay also certain fees for medical treatment and bills for hospital services and for expert medical testimony and for counsel fees. But the caption of the cause was altered in the determination of facts and rule for judgment; the respondent was no longer called, as in the original petition of March 22d, 1939, merely Clinton Hill Painters and Decorators, but Harry Pilchman and Louis Lipschultz, trading as Clinton Hill Painters & Decorators, improperly pleaded Hill Painters & Decorators.

On August 1st, 1939, the cause was back again in the Workmen's Compensation Bureau, on the application of the

petitioner for leave to amend the title in such manner that the respondent should be described as Harry Pilchman, trading as Clinton Hill Painters & Decorators. At the outstart of this second hearing before the Bureau, counsel for the petitioner stated in the presence of the attorney of the respondent that the altered title of the matter, as the same appears in the determination of facts and rule for judgment, had been adopted "by virtue, and as a result, of the suggestion by the attorney for the respondent," and plainly intimated that such suggestion had been made for no honorable end. In the circumstances the statement cannot be considered by the court; it was neither a stipulation nor an admission—the attorney for the respondent having merely remarked: "I have nothing to say. I am just waiting for the proof." And thereupon proof was offered by both parties on the question as to what person or persons was or were employing petitioner at the time of his accident. The weight of the evidence, as it appears to me, was to the effect that a silent partnership had subsisted between Pilchman and Lipschultz from August, 1938, to April, 1939, and that the petitioner, when injured, was the employe of the firm. In any case, the Bureau dismissed the application of the petitioner to amend.

This present proceeding comes here under the third alternative clause of *R. S.* 34:15-84. Petitioner seeks an order of this court, enforcing against the New Amsterdam Casualty Company the judgment entered under the said determination of facts and rule for judgment, dated June 22d, 1939.

The insurance company interposes objections; it says that in its Workmen's Compensation policy numbered S. C. 553750, issued April 21st, 1938, and expiring on the corresponding month and day of the following year, the insured employer is declared to be "Harry Pilchman, doing business as Clinton Hill Painters and Decorators;" that that declaration, while true on the date of the issuance of the policy, became false in August, 1938, in which month its insured, without notice to it or subsequent ratification by it, entered into a co-partnership with Louis Lipschultz; that in October, 1938, not its insured, but the partnership employed the petitioner and continued to employ him up to and at the time

of his said accident on January 28th, 1939; that it, the insurance company, got on June 20th, 1939, its earliest knowledge of the existence of the partnership and of the employment of the petitioner by the firm; that it first received this information in Newark from Harry Pilchman himself about an hour before the hearing of the cause in the Workmen's Compensation Bureau in Paterson, and thereupon offered to defend the case only under a signed non-waiver agreement; that Pilchman refused to subscribe the agreement, and that the insurance company then said that it would defend the petitioner's claim as if Pilchman had acceded to the request of the insurance company, and signed the non-waiver. To this latter matter reference will presently be made.

The insurance company offers further defenses; it raises a question of the jurisdiction of this court, and says that this proceeding, if brought at all, should be in the Essex Common Pleas, the petitioner's accident having occurred in that county. And finally it says that its policy describes the business of its insured as painting and decorating and incidental shop work, and that the petitioner, when injured, was readjusting rollers in a sliding door—work, it contends, of a carpenter and outside the scope of the business of the insured as declared in the carrier's policy.

The last above mentioned point ignores the provisions of *R. S.* 34:15-87; *N. J. S. A.* 34:15-87.

The question of jurisdiction of the Passaic Common Pleas is a basic matter, and will be next noticed.

*R. S.* 34:15-83, 84, 85 and 86; *N. J. S. A.* 34:15-83, 84, 85 and 86, all concern the present proceeding. It is not claimed by respondent that any language in any of these four sections directs that this application should have been made in the Essex Common Pleas, the accident having occurred in the County of Essex; but the contention is that because *R. S.* 34:15-66; *N. J. S. A.* 34:15-66, which deals solely with appeals from the Bureau, provides that appeals should be to the Common Pleas Court of the county in which the accident occurred, such matters as this, in no sense an appeal, should go to the same county.

We find nothing of merit in this contention.

The venue for the trial of original petitions for compensation is fixed by *R. S.* 34:15-53; *N. J. S. A.* 34:15-53, and says:

"The petition shall be heard either in the county in which the injury occurred or in which the petitioner or defendant resides, or in which the defendant's place of business is located, or in which the defendant may be served with process."

If the legislature had intended that proceedings of the present kind, designed solely to compel the insurance carrier to pay the judgment, should be enforceable only in the county in which the accident happened, it is curious that it did not say so. There are indications that it did not mean so. In *R. S.* 34:15-85; *N. J. S. A.* 34:15-85 it is declared "that jurisdiction of the employer shall, for the purpose of this article, be jurisdiction of the insurance carrier, and that the insurance carrier shall in all things be bound by and subject to the orders, findings, decisions or awards rendered against the employer for the payment of compensation."

The procedure, in general, followed in this case, follows the established precedence. A petition and a rule to show cause appear proper. *Harvender* v. *United States Fidelity and Guaranty Co.,* 8 *N. J. Mis. R.* 634; 151 *Atl. Rep.* 446; *Stefanek* v. *Ocean Accident and Guaranty Corp.,* 186 *Atl. Rep.* 778; *American Mutual Liability Insurance Company of Boston* v. *Chodosh,* 123 *N. J. L.* 81; 8 *Atl. Rep. (2d)* 64.

We think the appropriate procedure has been followed in the proper county.

Whether the New Amsterdam Casualty Company became, upon the formation of the partnership, entirely exempt for the moment from its obligation to Pilchman under its policy need not be decided. There is authority to the effect that, notwithstanding his partnership into which he entered after the issuance of the defendant's policy to him, his carrier remained liable to him. In *George Reid et al.* v. *Industrial Accident Commission et al.,* 114 *A. L. R.* 720, the California court said:

"A workmen's compensation insurer is liable on a policy issued to an individual employer who afterward formed a

partnership with another for the amount of an award of workmen's compensation to an injured employe of the partnership, since a partnership not being an entity, an employe of a partnership is an employe of each individual partner."

The fact is that the New Amsterdam Casualty Company defended this action, and defended it in such circumstances, we think, as precludes it from raising any defense to this proceeding.

On this point, evidence was offered by both parties before me on October 10th, 1940. As to what occurred in Newark on the morning of the hearing before the Bureau in Paterson, Harry Pilchman testified:

"First told me they thought they were not responsible for the claim because of the partnership and gave me a form to sign and said they would appear for me but not to hold them responsible. I wouldn't have to pay them for appearing. I told them I had paid for the policy and they had to take care of it for me and I refused to sign the form."

The form, as described by him was in substance that he was not to hold his insurance carrier responsible in case it lost the case. And then he said that he was "going to walk out and Mr. Davenport told me to wait and took me to court here in Paterson," in his car.

He added that he had since been discharged from bankruptcy, and had listed Weir's claim for compensation as one of his debts.

It should be noticed here that there has never been any accusation against Pilchman by the New Amsterdam Casualty Company, either in the Bureau or before me, of fraudulent concealment or of intentional mis-statement; he has not been charged with bad faith in any phase or at any step. He testified, and no one disputes it, that until an hour before the trial in the Bureau, no one inquired of him whether Clinton Hill Painters and Decorators, at the time of Weir's injury, was the trade name of an individual or of a partnership. He asserted, and there is no testimony in the record to the contrary, that he felt that his insurance carrier, in contending that it was not bound in the circumstances by its policy, was "absolutely wrong and they had to pay that policy."

William H. Kuhl, an employe of the insurance company, testified that he talked with Mr. Pilchman in Newark on the day of the hearing, and that Pilchman spoke of Weir as a carpenter, and that as a result of further inquiry, Pilchman said that he had formed a partnership with Lipschultz after the issuance of the policy, and that Lipschultz was to do the carpenter work of the firm and Pilchman the painting and decorating. Kuhl further testified that he told Pilchman that the policy ran to him individually, but that Weir, having been employed by the partnership, was not covered by the policy, and asked him to sign a non-waiver agreement, and that Pilchman refused.

On July 10th, 1939, the New Amsterdam Casualty Company wrote a letter to counsel for the petitioner, acknowledging a recent receipt of the determination of facts and rule for judgment hereinbefore referred to, and added that it had not insured the respondents named therein, but that its policy covered Harry Pilchman individually, and refused to pay the award. Under the same date it sent a significant letter to the said Harry Pilchman, in which it declared—"you recall that we offered to defend the case under a signed non-waiver agreement *but you refused to sign it,* and you were then advised that we would defend you under the same conditions as contained in the non-waiver agreement." In so far as this vital matter goes, the letter ended there. It failed to assert that Pilchman assented to his carrier's guarded proposal; he himself says that he did not: and I am satisfied that if he had assented or if the insurance company had understood him as assenting, the letter to him of July 10th, 1939, would not have failed to have averred his assent.

Without Pilchman's assent, his carrier, having defended the suit in the Bureau with full knowledge of the facts, cannot now disclaim liability for the award. This is the settled law of this state. *Caiola* v. *Aetna Life Insurance Co.,* 13 *N. J. Mis. R.* 845; 181 *Atl. Rep.* 524; *affirmed,* 116 *N. J. L.* 381; 184 *Atl. Rep.* 736; *Serafino* v. *United States Fidelity and Guaranty Co.,* 122 *N. J. L.* 294; 4 *Atl. Rep.* (2d) 850.

The claim by the carrier that it was bound to defend, whatever the circumstances, and whatever its knowledge of them,

under the following clause of its policy is without sense. The clause referred to runs:

"Three—To defend in the name and on behalf of this employer, any suits or proceedings which may at any time be instituted against him on account of said injuries, including suits or other proceedings alleging such injuries and demanding damages or compensation therefor, although such suits, other proceedings, allegations or demands are wholly groundless, false or fraudulent."

If, at the time of the accident, there is no coverage, the carrier's duty toward its insured has terminated altogether. *American Mutual Liability Insurance Company of Boston* v. *Chodosh et al., supra.*

The New Amsterdam Casualty Company is bound by the award, and an order will be made requiring it to pay the judgment entered thereon.