CAMDEN COUNTY CIRCUIT COURT.

JOHN J. DENES, PLAINTIFF, v. R. M. HOLLINGSHEAD
COMPANY, DEFENDANT.

Submitted December 12, 1928—Decided December 20, 1928.

For the plaintiff, *D. Trueman Stackhouse.*

For the defendant, *Starr, Summerill & Lloyd.*

DONGES, J.  Motion is made to strike the complaint in this case.

The complaint discloses that plaintiff was employed by defendant; that in the course of his employment he suffered a slight injury to his leg; that defendant undertook to render treatment to his leg; that defendant so improperly, unskillfully and negligently treated the leg, by the use of improper, alkaline, acred and irritating lotions, that plaintiff's leg became ulcerated and permanently disabled.

Defendant insists that the only remedy is under the Workmen's Compensation act, and alleges that the injuries complained of arose out of and in the course of his employment, and cites *Newcomb* v. *Albertson*, 85 *N. J. L.* 435, and *Lundy* v. *Brown & Co.*, 93 *Id.* 469.

The complaint alleges a set of facts that indicate that the condition complained of is not the result of accident, but is the result of entirely different causes, namely, negligence in treatment.  I am unable to distinguish between a negligent

act of the employer, not related to the accident which rendered the treatment necessary, and the negligent act of a surgeon in the treatment of an injury. One is no more the result of the accident than is the other. The condition complained of is not the proximate result of the accident, but is alleged to be the proximate result of an act not related to the happening of the accident.

I have been unable to find any case precisely in point, nor has the diligence of counsel supplied me with any authority. The case of *Smith* v. *International High, &c., Co.,* 98 *N. J. L.* 574, is authority that only such conditions as result from an accident are to be recovered for under the Compensation act. To the same effect is *Liondale Bleach Works* v. *Riker,* 85 *Id.* 426. In these cases it is held that disease or conditions which result from and in consequence of accidental injuries are part of such injuries. But these cases are distinguishable from cases, like the instant one, where the allegation is that the condition or disease complained of would not and did not result from the injury received, but resulted wholly from an intervening negligent act.

The motion to strike the complaint is denied.