AUGUSTUS N. DRAKE, PETITIONER-APPELLANT, v. C. V. HILL & COMPANY, DEFENDANT-RESPONDENT.

Argued May 26 and 27, 1936—Decided October 20, 1936.

For the appellant, *Samuel D. Lenox.*

For the respondent, *Merritt Lane.*

The opinion of the court was delivered by

Heher, J. The accident occurred on August 5th, 1929. On April 10th, 1930, following an informal award of compensation for temporary disability under the Workmen's Compensation act of 1911 (*Pamph. L.*, *p.* 134), as amended, appellant filed a formal petition for compensation. The taking of testimony in this proceeding was concluded on July 14th, 1930; and on December 9th, 1930, the formal award was entered. One week later, December 16th, appellant executed and verified, and within a week thereafter filed with the compensation bureau, a petition styled "petition for review under section 21-f" of the Compensation act; and therein he averred that, "since the hearing," his incapacity had "greatly increased," and prayed that "the case may be reopened for the purpose of establishing" his "present condition," and for a reconsideration of the bureau's "determination as to the heart condition and incapacity arising" therefrom. On January 5th, 1931, by an "amended petition" filed in the bureau, appellant made substantially the same allegation of an increase in disability "since the hearing," and prayed a review of the award so made. On the same day, he filed a notice of appeal from the judgment to the Mercer Common Pleas, and thereafter prosecuted the appeal to a conclusion. The deputy commissioner made an award for temporary and permanent disability. He found, however, that the claimed "heart condition" was not the result of the compensable injury suffered by appellant. The Pleas conducted the inquiry prescribed by the statute, and on November 25th, 1931, affirmed the judgment on the merits. Thereupon the bureau, after hearing, made a further award for "increased disability," and there was an affirmance in the Pleas. This is the judgment under review.

Plainly, the object of this supplemental proceeding was a readjudication of the extent of appellant's incapacity at the time of the rendition of the final judgment, and not to secure additional compensation for an increase of disability occurring thereafter. Assuming for the purposes of this case that paragraph 21-f, section II, of the Compensation act, as amended by chapter 279 of the laws of 1931 (*Pamph. L.*, *p.* 704), is

retroactive in its operation (as to this see *Granata* v. *D. W. McGee Construction Co.,* 114 *N. J. L.* 89, it relates only to an increase or diminishment of disability occurring subsequent to the rendition of the judgment. The authority to review and modify under this statute is not addressed to the correction of errors in law or in fact residing in that adjudication. The judgment of the bureau is *res judicata.* It is final and conclusive as to all questions of law and of fact comprehended by the determination, including those involving jurisdiction, the right to compensation, and the nature and extent of the existing disability, subject only to correction on appeal and the authority vested in the bureau to "reopen" its own adjudications and its continuing jurisdiction to modify the award of compensation to accord with an after occurring enlargement or diminution of the incapacity so found to have ensued from the established compensable injury. A *sine qua non* to revision in the exercise of the continuing jurisdiction conferred by paragraph 21-f, *supra,* is a change in the condition of the employe occurring subsequent to the rendition of the judgment which materially increases or diminishes the disability. A petition for compensation for augmented incapacity, while predicated on the original judgment, initiates what is essentially a new proceeding based on a new factual situation, and the taking of an appeal does not operate to deprive the injured employe of this remedy. See *Tucker* v. *Frank J. Beltramo, Inc.,* 117 *N. J. L.* 72.

Appellant did not seek a reopening and a vacation of the judgment for fraud, fundamental error, newly discovered evidence, or like cause, but rather a rehearing and an increase in the *quantum* of the award for incapacity existing at the time of the rendition of the judgment. The bases of the application in question were claimed erroneous factual findings on the evidence adduced and growth of the disability between the time of the hearing and the final adjudication. It was in essence an application for a new trial—a redetermination of the issue of appellant's incapacity at the time of the making of the formal award. A subsequent increase of disability was not asserted. While we are not to be understood as holding that a different principle would in that event

apply, it is not claimed that there was after-discovered evidence of an enlargement of the incapacity before the judgment was rendered. It is to be remarked here that the amended petition relates back to the time of the filing of the petition for review, and supersedes it.

In thus taking and prosecuting his appeal, appellant elicited the judgment of the Pleas on the *quantum* of his incapacity at the time of the entry of the judgment; and he thereby waived and abandoned his pending application for a reconsideration by the bureau of its factual findings and for the opportunity to make out a new case of incapacity at the time of the making of the formal award, through the introduction of additional evidence. In pursuing this course of procedure, he submitted to the Pleas, on the evidence adduced before the bureau, the issue of the extent of his incapacity at the time of the entry of the judgment; and, having selected this remedy and failed to obtain the relief sought, he will not then be permitted to avail himself of the other. It was manifestly not the legislative purpose, by the provisions conferring upon the bureau jurisdiction to reopen and modify the judgment, to permit of a retrial of the issue after affirmance on appeal. The statute then, as is the case now, called for the independent judgment of the Pleas on the merits, and gave it the attribute of finality, subject to review on *certiorari*. The record remained in that court. *Pamph. L.* 1921, *pp.* 731, 734.

Considerations of public policy ordain that there shall be an end to litigation. Where the issues have been thus solemnly adjudicated in the Pleas on appeal, the judgment should not be reopened in the bureau for the purpose of allowing a party to make a new and distinct case. Compare *Benjamin & Johnes* v. *Brabban,* 90 *N. J. L.* 355; *Herbert* v. *Newark Hardware Co.,* 107 *Id.* 24; *affirmed,* 109 *Id.* 266. It is pertinent to observe at this point that the appellant, by proceeding to a hearing on his petition to reopen the judgment, would not have deprived himself of an appellate review. *Certiorari* would nevertheless have been an available remedy.

Let the judgment be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, LLOYD, HEHER, PERSKIE, HETFIELD, DEAR, WOLFSKEIL, RAFFERTY, JJ. 9.

*For reversal*—None.