VITO MANGANI, PLAINTIFF-APPELLANT, v. HYDRO, IN-CORPORATED, A NEW JERSEY CORPORATION, DE-FENDANT-RESPONDENT.

Submitted May 28, 1937—Decided September 22, 1937.

For the plaintiff-appellant, *David Cohn*.

For the defendant-respondent, *Edwin Joseph O'Brien*.

The opinion of the court was delivered by

WELLS, J. This is an appeal from a judgment of the New Jersey Supreme Court, Passaic Circuit, entered by direction of the court in favor of defendant, Hydro, Incorporated, and against the plaintiff, Vito Mangani.

On September 6th, 1932, the plaintiff was hired by the defendant to perform the work of an employe, who had been given leave to attend a funeral, and was told that his work would continue until the other man returned. As he was operating a loaded hand-truck, it was caught in a hole in the floor, and plaintiff contends that he sustained certain injuries in an endeavor to right the truck.

The plaintiff consulted an attorney concerning his injuries, and on November 9th, 1932, filed a claim petition with the workmen's compensation bureau. After a full hearing before

the deputy commissioner this claim was dismissed on the ground that plaintiff's injury was not caused or aggravated by the accident in question but in fact was the result of causes in no way related to his employment by the defendant. The records of the bureau concerning this claim were made part of the record in the present case.

Subsequent to this determination by the workmen's compensation bureau, plaintiff started suit in the Supreme Court, alleging that he was a casual employe of the defendant, and that he sustained certain injuries as a result of defendant's negligence. Upon trial of the cause, a motion was made for a directed verdict in favor of the defendant on two grounds: (1) that the determination by the workmen's compensation bureau was *res adjudicata* as to the matters in issue, and (2) that plaintiff's own case showed that he was in fact a regular and not a casual employe. From the judgment entered for the defendant on the granting of this motion by the trial court the plaintiff appeals.

There is no dispute that the same subject-matter is involved in the case at bar as was earlier submitted for determination by the workmen's compensation bureau. A "finding and determination" by the bureau is essentially a final judgment, and may properly be pleaded as a basis for the application of the doctrine of *res adjudicata*. *Siberry* v. *National Sulphur Co.*, 117 *N. J. L.* 200; *Drake* v. *C. V. Hill & Co.*, 117 *Id.* 290; 187 *Atl. Rep.* 637: *Boyle* v. *Van Splinter*, 101 *N. J. L.* 89.

Plaintiff-appellant here contends that this doctrine is not applicable to the present case since the bureau made no primary finding of jurisdiction to enter the determination made by it, and such determination was thereby a nullity. Argument is made that the bureau had jurisdiction only in cases of regular, and not casual employment; that the bureau, being a special court of limited jurisdiction, must first make a finding of jurisdictional facts before entering a determination; and that the records of the bureau as to the plaintiff's claim do not show that this fact of jurisdiction was ever considered.

The principle upon which the plaintiff relies is ably discussed in the case of *Crawford* v. *Lees,* 84 *N. J. Eq.* 324. Courts of general jurisdiction need not set forth in their records the facts upon which their right to adjudicate depends. These facts are presumed, and their judgments are not open to collateral attack on this ground. Courts of special and limited jurisdiction, however, must reveal on the records the existence of jurisdictional facts. If these facts are not shown, the judgment or determination is open to collateral attack; if they appear on the face of the proceedings, the judgment then attains the same inviolability as that of a court of general jurisdiction.

In the present case, there can be no doubt that the workmen's compensation bureau had a right to inquire as to the status of plaintiff's employment. *Butler* v. *Eberstadt,* 113 *N. J. L.* 569. Regular employment was necessarily alleged by the plaintiff to secure an adjudication, and this allegation was not contested by the now defendant.

As part of the record on this appeal there is exhibited the determination of the bureau. In the review of testimony it is stated, "petitioner was employed by the respondent on September 10th, 1932." In the determination it is further stated, "I find and determine: 1. Petitioner was employed by the respondent on September 10th, 1932." We think that the trial court was justified in holding that the record shows a finding of all jurisdictional facts; that the determination of the bureau was immune from collateral attack; and that such determination was *res adjudicata* of the matters concerned in the present case. To hold that the finding and determination must state *"regularly* employed" would be to support a technicality, and require a redundancy in the light of the definition of "employe" in the Compensation act.

Plaintiff-appellant relies on the case of *Boyle* v. *Van Splinter,* 101 *N. J. L.* 89, as controlling here. In that case a boy, fourteen years of age, was employed in violation of the Mercantile act. *Pamph. L.* 1918, *p.* 748. Sustaining injury, a petition was filed with the workmen's compensation bureau, but a determination was made in favor of the defendant. Two

years later an action was brought in the Supreme Court concerning the same injuries. As in the present case, the defendant contended the matter was *res adjudicata,* and the plaintiff pleaded want of jurisdiction in the bureau because of the illegality of employment.

This court held that since the jurisdiction of the bureau was attacked, it was incumbent upon the trial court to require proof by the defendants of such jurisdiction. This might be shown either by producing the record of the bureau containing a finding of jurisdictional facts, or by showing such finding by evidence *aliunde* the record. Neither course having been followed, it was held that the trial court erred in assuming the jurisdiction of the bureau and directing a verdict on that ground.

The distinguishing feature of the present case is apparent. The full record of the bureau was produced by the defendant, showing a finding as to the status of employment. We are of the opinion that the trial court properly held, as a matter of law, that the bureau had adequately considered its jurisdiction and then entered a determination which, standing unimpeached by appeal, is a bar to the present action.

The judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 15.

*For reversal*—None.