ROY S. HULL, ADMINISTRATOR OF THE ESTATE OF ROY S. HULL, JR., DECEASED, v. HERCULES POWDER COMPANY, A CORPORATION OF THE STATE OF DELAWARE, CLARENCE A. PLUME AND WILLIAM COSTELLO.

ROY S. HULL, ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF ROY S. HULL, JR., DECEASED, v. HERCULES POWDER COMPANY, A CORPORATION OF THE STATE OF DELAWARE, CLARENCE A. PLUME AND WILLIAM COSTELLO.

Decided January 13, 1942.

For the plaintiff, *Milford Salny.*

For the defendants, *King & Vogt.*

WOLBER, C. C. J. This matter comes before me on a motion of the defendant Hercules Powder Company to strike the complaint in both cases on the following grounds:

1. The rights and remedy of the plaintiff in the above causes are controlled and determined by the Workmen's Compensation Act, *R. S.* 34:15-1, *et seq.; N. J. S. A.* 34:15-1, *et seq.*

2. Decedent, Roy S. Hull, Jr., accepted the benefits of *R. S.* 34:15-1, *et seq.; N. J. S. A.* 34:15-1, *et seq.,* and this plaintiff is bound by and succeeds only to the rights of decedent, Roy S. Hull, Jr.

3. The complaint does not set forth a legal cause of action against this defendant.

The third ground urged by the defendant must be disregarded under the rule and decision of the Supreme Court. *Rule* 43 and *Dunn* v. *Chernewski,* 101 *N. J. L.* 27; 127 *Atl. Rep.* 338 (Supreme Court, 1924, Kalisch, J.).

The general administrator's suit seeks damages for the pain and suffering sustained by Roy S. Hull, Jr., and the expenditures incurred on his behalf from September 12th, 1940, to the date of his death March 14th, 1941.

The suit of the administrator *ad prosequendum* is brought under the Death Act, *R. S.* 2:47-1; *N. J. S. A.* 2:47-1, for the benefit of the next of kin of the decedent.

The complaint in each case alleges that Roy S. Hull, Jr., was an employee of the defendant Hercules Powder Company; that an explosion occurred in the defendant's plant on September 12th, 1940; and that said Roy S. Hull, Jr., was injured in said explosion, and removed to Dover General Hospital, where he died on March 14th, 1941.

In paragraph 7 of the first count of each complaint, plaintiff alleges that when the said explosion occurred on September 12th, 1940, the said defendant Hercules Powder Company did not exercise due care in the selection of physicians to treat its employee, the said Roy S. Hull, Jr., injured by said explosion.

The second and third counts of each complaint are against other defendants.

In its brief, the defendant sets forth that a formal petition was filed May 24th, 1941, with the New Jersey Department of Labor, Workmen's Compensation Bureau, Claim No. 55017, wherein the defendant was petitioner and Roy S. Hull, Sr., father, and Agnes P. Hull, mother of decedent, were respondents; that on June 17th, 1941, an answer was filed by respondents which did not dispute or deny any of the allegations of the petition, but stated:

"Respondents allege that the death of their son, Roy Stewart Hull, Jr., resulted from a cause which intervened after the accident, for which the Hercules Powder Company and others are responsible to decedent's administrator in dam-

ages; and further, that the cause of action arising therefrom is not within the scope of the Workmen's Compensation Act."

The summonses in the present suits in the New Jersey Supreme Court were tested June 30th, 1941.

On October 23d, 1941, motions to continue the compensation proceedings until the determination of the present law actions, and to dismiss the petition, were denied, whereupon respondent's attorney withdrew from further participation in the compensation proceedings. Defendant then proceeded with the hearing and the Deputy Commissioner entered a finding of fact and determination that deceased was an employee of the Hercules Powder Company on September 12th, 1940; that said accident arose out of and in the course of decedent's employment by Hercules Powder Company; and that decedent died on March 14th, 1941, as a result of the injuries so sustained in the course of his employment.

The complaints in these law actions do not aver that the contract of hiring contained any express statement in writing, pursuant to *R. S.* 34:15-9; *N. J. S. A.* 34:15-9, that the Workmen's Compensation Act was not intended to apply, nor that any written notice to that effect was given.

The provisions of the Workmen's Compensation Act shall apply to any claim for the death of an employee arising under the Death by Wrongful Act Statute (*R. S.* 2:47-1; *N. J. S. A.* 2:47-1) and bind his personal representatives and next of kin as well as the employer. *R. S.* 34:15-8; *N. J. S. A.* 34:15-8.

The decedent, if he had suffered an injury not resulting in death by accident arising out of and in the course of his employment, would have been limited to the recovery of compensation provided for in the Workmen's Compensation Act, and by the procedure and in the form provided therein, and he could not have brought suit for such injury in disregard of that act. In such a case, the rights and remedies provided by the Compensation Act are substituted for those provided by the Death Act. *Gregutis* v. *Waclark Wire Works,* 86 *N. J. L.* 610; 92 *Atl. Rep.* 354 (1914, Trenchard, J.)

Defendant attaches to his brief a finding of fact and determination of the Deputy Commissioner of the Workmen's Compensation Bureau of our Department of Labor, dated

December 6th, 1941, and urges that this judgment of the Bureau is *res judicata;* that it is final and conclusive as to all questions of law and of fact comprehended by the determination, including those involving jurisdiction, and the right to compensation. *Drake* v. *C. V. Hill & Co.,* 117 *N. J. L.* 290, 292; 187 *Atl. Rep.* 637 (1936, Heher, J.), and *Ferguson* v. *Seaman,* 119 *N. J. L.* 575, 580; 197 *Atl. Rep.* 245 (1937, Heher, J.).

It is well settled that a finding and determination in the Bureau is essentially a final judgment, and may properly be pleaded as a basis for the doctrine of *res judicata. Mangani* v. *Hydro, Inc.,* 119 *N. J. L.* 71; 194 *Atl. Rep.* 264 (1937, Wells, J.) ; *Staubach* v. *Cities Service Oil Co.,* 126 *N. J. L.* 480; 19 *Atl. Rep.* (*2d*) 882 (Supreme Court, 1941, Perskie J.).

It is well settled law that on a motion to strike a complaint, facts well pleaded therein and all proper inferences to be drawn therefrom are to be treated as concededly true. *Staubach* v. *Cities Service Oil Co., supra.*

The allegations in plaintiff's complaints do not seek to set forth a cause of action arising under the Workmen's Compensation Act, but are based upon the premise that when the explosion occurred, the defendant did not exercise due care in the selection of physicians to treat its employee, the said Roy S. Hull, Jr., injured by said explosion.

To sustain his contention that the complaint sets forth an independent cause of action, plaintiff relies on the following cases: *Denes* v. *R. M. Hollingshead Co.,* 7 *N. J. Mis. R.* 39; 145 *Atl. Rep.* 321 (Camden Circuit Court, 1928, Donges, J.) ; *Tutino* v. *Ford Motor Co.,* 111 *N. J. L.* 435; 168 *Atl. Rep.* 749 (1933, Bodine, J.) ; *McDonough* v. *Sears, Roebuck & Co.,* 127 *N. J. L.* 158; 21 *Atl. Rep.* (*2d*) 314 (Supreme Court, 1941, Heher, J.).

In the Denes case the then Circuit Court Judge Donges, now Supreme Court Justice, denied a motion to strike the complaint because it alleged a set of facts that the condition complained of was not the result of accident, but the result of an entirely different cause, namely negligence in treatment.

It is not necessary for me in this inquiry to determine whether the Denes case has been overruled by the later Tutino

case, because the present case does not deal with any question of negligent treatment for which the defendant Hercules Powder Company is sought to be held liable.

In the Tutino case the plaintiff recovered damages for the loss of an eye in a common law action. At the time of the accident he was employed as a machinist. He was drilling a hole in some concrete when a particle entered his left eye. He was treated in first aid rooms established by the defendant and was attended by nurses and a physician also in its employ. The basis of the action was the improper manner in which the defendant had performed its duty to furnish proper medical and surgical treatment, and because of the lack of skill and training of its employees. The court said the recovery could only be had for injuries not arising out of and in the course of the employment. The proofs tended to show that the employees of defendant improperly and in a negligent manner removed the concrete imbedded in the eye, the nurses and not the physician probing in the eye, contrary to good medical practice. The physician instructed them so to do.

Mr. Justice Bodine adopted the test of causal connection approved by Mr. Justice Swayze in *Newcomb* v. *Albertson,* 85 *N. J. L.* 435; 89 *Atl. Rep.* 928 (Supreme Court, 1914), based on what Lord Loreburn said in the House of Lords in *Clover, Clayton & Co., Ltd.,* v. *Hughes* (1910), *A. C.* 242, a case arising under the English statute:

"It seems to me enough if it appears that the employment is one of the contributing causes without which the accident which actually happened would not have happened, and if the accident is one of the contributing causes without which the injury which actually followed would not have followed."

The theory of the Tutino case and the one on which it was sent to the jury was that the causal connection between the injury to the eye and the resulting loss thereof was due to the malpractice of the physician and nurses employed by the defendant, and that therefore there was an independent injury for which there could be recovery.

Mr. Justice Bodine also adopted the rule laid down in 39 *C. J.* 244:

"If the acts of the nurses and physician employed by the defendant were of such a kind and character as would break

the causal connection between the accident and the resulting injury the plaintiff's right of recovery must be predicated either upon a common law action due to some failure of a duty arising out of or in the course of the employment for which the compensation under the statute is the exclusive remedy, or because the defendant is liable for the malpractice of the doctors and nurses employed by it. Usually one employing doctors and nurses to attend to the needs of employees is held merely to the duty of exercising reasonable care in the selection."

It is significant that Mr. Justice Bodine (at *p.* 438) said: "There is nothing in the record before us to indicate that the defendant was negligent in the selection of either the doctor or the nurses, or in anything it did in providing first aid to the injured employe. The doctor in charge had full control over the nurses who received directions from no one else. The plaintiff's injuries either arose out of and in the course of his employment, or were due to acts for which the defendant was not responsible and for which the doctor and nurses employed might perhaps be called upon to answer."

Mr. Justice Bodine also relied upon the case of *Laubheim* v. *Netherland Steamship Co.,* 107 *N. Y.* 228, where Judge Finch, in a case where the defendant was obliged to furnish a physician, said:

"It is responsible solely for its own negligence, and not for that of the surgeon employed. In performing such duty, it is bound only to the exercise of reasonable care and diligence, and is not compelled to select and employ the highest skill and longest experience. There was no evidence in this case that the defendant was careless or negligent in its choice."

It is interesting to note that the reversal of the judgment in the Tutino case was by a vote of nine to six.

In *McDonough* v. *Sears, Roebuck & Co., supra,* the point in question was whether an accidental injury suffered by an employee of prosecutor while undergoing hospital treatment for an injury concededly within article 2 of the Workmen's Compensation Act is also compensable thereunder as a consequent of the original industrial mishap. There the first accident occurred on March 30th, 1937. It resulted in the amputation of the employee's left index finger. On April

14th, while still convalescing at the hospital, an alcohol dressing of the injured member ignited when he struck a match to light a cigarette, and the resultant burns were so severe as to require the amputation of the remaining fingers and the thumb. In that case Mr. Justice Heher said that in order for the second injury to be compensable,

"It is yet requisite that there be a chain of physical causation between the industrial accident and the injury. The chain of causation must be continuous. If it be broken by an intervening independent cause, the industrial mishap is deemed in law *causa remota* as regards the new injury. The essential relationship does not exist unless the accident be a proximate contributing cause of the injury. The statute comprehends only such disability as ensues from an accident arising out of and in the course of the employment. This provision is not to be extended beyond its fair implications. The employer is chargeable with the direct consequences of the accident and not with those only remotely flowing therefrom. In short, the inquiry is whether the injury is reasonably attributable to a proximate cause set in motion by the accident rather than by some other agency."

He cites, among other cases, *Flanagan* v. *Charles E. Green & Son,* 121 *N. J. L.* 327; 2 *Atl. Rep.* (2d) 180 (Supreme Court, 1928, Case, J.); *affirmed,* 122 *N. J. L.* 424; 5 *Atl. Rep.* (2d) 742 (1939, P. C.). In that case the proofs showed that after the accident, prosecutor took charge of the workman and sent him to the physician, who caused him to be placed in the hospital, where the injury occurred. The doctors, on behalf of the prosecutor, took charge of treatment, and the cause of the injury was the act by the hospital nurses of changing the sheets as an incident to the treatment of the fractured femur about two weeks after the original accident. The court held that the second injury was directly attributable to the first. It came in the immediate sequence of events. There was no contributing factor outside of the acts which flowed from and were made necessary by the leg injury. The changing of sheets is so essential a part of adequate hospitalization as to be routine in every hospital. The arm injury was so incidental to the medical and surgical treatment afforded by the employer as to constitute an injury arising out of and

in the course of the employment within the meaning of the statute.

The McDonough case discusses *Dunham* v. *Clare* (1902), *K. B.* 292 (Collins, M. R.), from which the defendant herein makes quotation. Boiled down, the Master of the Rolls said:

"The only question to be considered is: 'Did the death or incapacity result from the injury?' "

In the McDonough case Mr. Justice Heher (at *p.* 163) said:

"The damage here is in this respect clearly distinguishable from the consequences of medical or surgical treatment of a compensable injury. Such treatment does not ordinarily constitute a *novus actus interveniens;* there is a direct causal link between the industrial accident and the incapacity flowing from medical or surgical measures to effect rehabilitation. * * * Nor is negligence in the giving of such treatment a differentiating factor. *Flanagan* v. *Charles E. Green & Son, supra;* 71 *C. J.* 641, *et seq.*"

Since the complaints set forth facts which show a new intervening act of the employer, independent of the Workmen's Compensation Act, I am of the opinion that the complaints under consideration must stand, unless barred by the rule of *res judicata.*

That defense, however, is a plea in bar; or a plea of estoppel by record, which must be pleaded by way of answer. 34 *C. J.* 1057, § 1493.

The defense of *res judicata* may be raised by demurrer, but only where the fact and the nature of the prior adjudication appear on the face of the pleadings. Where the defense of *res judicata* is raised by demurrer (now by motion to strike out under Supreme Court rule 40), the court is limited to the facts disclosed by the complaint, although it may have other sources of information. 34 *C. J.* 1057, § 1494.

In *Staubach* v. *Cities Service Oil Co., supra,* Mr. Justice *Perskie,* relying on *Mangani* v. *Hydro, Inc., supra,* held that the finding and determination of the Workmen's Compensation Bureau may properly be pleaded as the basis for the application of the doctrine of *res judicata,* but did not decide the question.