WILLIAM MARSHALL, PETITIONER-RESPONDENT, v. C. F. MUELLER CO., RESPONDENT-PROSECUTOR.

Argued October 1, 1946—Decided December 30, 1946.

Before Justices BODINE, PERSKIE and WACHENFELD.

For the petitioner-respondent, *Julius D. Canter* (*William E. Sewell*, of counsel).

For the respondent-prosecutor, *Kalisch & Kalisch* (*Isidor Kalisch*, of counsel).

The opinion of the court was delivered by

WACHENFELD, J.   This writ of *certiorari* brings up an affirmance by the Hudson County Court of Common Pleas of an award in the Workmen's Compensation Bureau in which the respondent was determined to be totally and permanently disabled and awarded compensation and fees accordingly.

On August 28th, 1943, respondent's regularly assigned employment with the prosecutor required him to pull a rack, mounted on rollers and containing shelves carrying boxes of macaroni, to a separating machine.  While so engaged, one of the rollers struck a floor cleat, causing the rack and its burden of some 750 pounds to fall on the petitioner, striking his chest and causing unconsciousness for a few minutes. After attempting to work for a few hours respondent went home and the following day was unable to work.

After examination by the prosecutor's doctor respondent was taken to a hospital.  Through X-rays it was discovered the patient had rib fractures and was suffering from an active condition of tuberculosis of the lungs.  He was given seven weeks' bed rest for the latter condition and then discharged from the hospital.  He remained at home and away from his work for seven more weeks, during which time he reported to the prosecutor's doctor about three times a week for diathermy treatments on his back.

On January 12th, 1944, upon discovery that the tuberculosis had worsened, respondent was directed by the prosecutor to go to the Hudson County Tuberculosis Hospital. He remained there until July 26th, when he left the institution against the advice of the attending physician. During the period at the tuberculosis hospital, through bed rest and medication, respondent's condition improved. He stayed at home for about two months until September 21st, when he was readmitted to the tuberculosis hospital with a severe case of pulmonary tuberculosis and has been there ever since.

There is evidence that in July, 1943, respondent suffered a fall at home which may have caused certain rib fractures but not all of the fractures present on the day of the second accident. Prosecutor also adduced testimony showing that during the period after July 26th, 1944, respondent was seen over a period of two weeks playing cards and drinking beer in a local cafe at hours from ten, twelve and sometimes two o'clock in the morning. Expert medical witnesses agreed that absolute rest was essential to respondent's recovery, whether at home or in the hospital. but that the taking of alcoholic beverages in itself would not be harmful.

It is admitted the instant accident arose out of and in the course of respondent's employment, but it is contended (1) the respondent was not at the time of the accident a 100 per cent. working unit since he already had a dormant tubercular affliction and had sustained prior accidents unconnected with his employment, and (2) the petitioner's present disabling illness is not attributable at all, or at least not entirely, to the industrial accident but to the conduct of respondent subsequent to his voluntary departure from the tuberculosis hospital on July 26th, 1944.

Expert witnesses, including the attending physician, testified to the respondent's present completely disabled condition. These witnesses also said that the accident of August 28th, 1943, reactivated a dormant tubercular condition and was the sole cause thereof, and had respondent remained in the tuberculosis hospital after July 26th, 1944, he would not have been cured. These witnesses also testified that the re-

spondent's departure from the hospital did not in itself contribute to the aggravation of the disease, placing the sole cause of the aggravation on the severity of the accident as evidenced by the rib fractures. At the time respondent left the hospital on July 26th he was completely disabled.

The prosecutor presented expert testimony to the effect that the fractured ribs suffered by respondent were partly caused by prior blows and stated, contrary to the medical testimony presented by respondent, that had respondent remained in the hospital after July, 1944, there was a probability that after several years the tubercular condition would have been arrested. Prosecutor's witnesses testified further that respondent should never have left the hospital after the original entrance.

It is not essential under our Workmen's Compensation Act that the employe be in perfect condition prior to the accident. The employer takes his employees with their mental, emotional, glandular and other physical defects or disabilities, *Bernstein Furniture Co.* v. *Kelly*, 114 *N. J. L.* 500; *affirmed,* 115 *Id.* 500, and where a pre-existing disease is caused to become active or to flare up and injury results therefrom, the same is compensable and it is not necessary that the accident should be shown to be the sole contributing cause of the injured condition of the employee. *Furferi* v. *Pennsylvania Railroad Co.,* 117 *Id.* 508; *Davis* v. *Lotz,* 126 *Id.* 615; *Cavanaugh* v. *Murphy Varnish Co.,* 130 *Id.* 107; *affirmed,* 131 *Id.* 163.

The burden is upon the respondent to establish his case by a preponderance of the probabilities. *Jones* v. *Newark Terminal and Transportation Co.,* 123 *N. J. L.* 190; *affirmed,* 129 *Id.* 58. On the other hand where the employer seeks to attribute the disability of the injured employee to causes for which he is not responsible, the burden of proof in that regard is on the employer. *Atchinson* v. *Colgate,* 3 *N. J. Mis. R.* 451; *affirmed,* 102 *N. J. L.* 425.

An independent examination of the evidence in this case leads to the conclusion that the respondent has sustained such burden and that the prosecutor has failed to present

sufficient evidence to maintain the burden of his tendered hypothesis. The rule is where two independent and distinct tribunals, as in the instant case, have examined the facts and heard the testimony, the conclusion so reached should not be lightly disturbed by this court. *Pearson* v. *Armstrong Cork Co.,* 6 *N. J. Mis. R.* 976; *Mountain Ice Co.* v. *Durkin,* 6 *Id.* 1111; *affirmed,* 105 *N. J. L.* 636; *Richmond* v. *Scheidell,* 8 *N. J. Mis. R.* 468.

At the time of the accident of August 28th and prior thereto, petitioner appeared in good general physical condition and was able to maintain himself normally while in the pursuit of his routine daily activity. Subsequent thereto the dormant tubercular condition became aggravated and resulted in the respondent's complete disability. The prosecutor has failed to show convincingly that the accidents prior to August 28th, 1943, suffered by the respondent were the cause, wholly or in part, of that reactivation. It appears alcohol in itself was not a contributing factor to the present disability, and the effect of late hours was not proved beyond speculation.

Judgment affirmed, with costs.