This is a Workmen's Compensation case. The only issue to be decided is whether appellant sustained the burden of required proof to support his claim of increased partial permanent disability. The Bureau found that appellant had suffered an increase of partial permanent disability, amounting to 4%. The county court reversed the judgment of the Bureau, from which latter judgment this appeal was taken.
Appellant suffered an accident on February 28, 1946, arising out of and in the course of his employment by defendant, Standard Brands, Inc., resulting in an injury to his back. As the result of a formal hearing an original award of 5% of total permanent disability was made on September 19, 1946. No temporary *Page 278 
disability was awarded. On August 29, 1947, appellant filed his claim petition for increased partial permanent disability.
Defendant contends that plaintiff did not carry the burden of establishing by the evidence that his increased disability was attributable to the accident for which original award was made; that subsequent to the original award he separated himself from employment by the defendant and worked for the Jarka Corporation, and his increased disability was allegedly caused by an accident suffered while employed by that company. That Calicchio had suffered an increased disability is conceded by all of the medical testimony. In addition to plaintiff's testimony, Dr. Visconti testified that he had examined him originally on April 4, 1946, at which time he concluded that there was 10% of total permanent disability. When he re-examined him on January 8, 1948, he calculated petitioner's disability as 15% of total. Dr. Meehan, testifying for plaintiff, stated that he examined Calicchio on February 13, 1948, and found that he had a disability of 15% of total. Both of Calicchio's doctors testified that the condition found upon their respective examinations was attributable to the injury he suffered when in the employ of the defendant. Dr. Watman, testifying for the defendant, stated that from his examination on July 30, 1946, there was a 3% of total permanent disability; that on April 12, 1948, when he re-examined him, he found a disability of 3 to 5% of total. Dr. Watman further testified that he was informed by the plaintiff, when he obtained a medical history from him, that since his prior examination on July 30, 1946, he had continued to do light work "but in December, of 1947, while working for the Jarka Corporation he had a re-occurrence of the back symptoms when he lifted some cases of dates". Dr. Watman admitted that he found a slight increase in Calicchio's permanent disability, but in his opinion it was the result of the accident while working for the Jarka Corporation. The testimony of Dr. Watman as to the alleged statement made by Calicchio as to the accident while employed with the Jarka Corporation was not refuted by Calicchio. Dr. Watman's testimony concluded the hearing, at which time, it was conceded at the argument before this court, Calicchio had left for Australia. Calicchio was not cross-examined *Page 279 
by defendant's counsel as to the alleged accident at the Jarka plant.
The Bureau found that Calicchio had borne the burden of establishing that he had suffered an increased permanent disability of 4% of total as the result of the accident in question and partial permanent disability was determined as 9% of total, and directed that the amount of the original award of 5% be deducted therefrom. The county court reversed the Bureau, holding that Calicchio had not sustained the burden of required proof and that his "aggravating disability is directly attributable to the back injury he sustained while employed by the Jarka Corporation" and "no proof to the contrary was offered by the petitioner". We are of the opinion that the county court erred.
It cannot be gainsaid that additional compensation may be awarded where proof of increased disability is established by competent evidence. Our courts have consistently held that the Bureau may modify an award of compensation to accord with an after occurring enlargement or diminution of the incapacity so found to have ensued from the established compensable injury.Drake v. C.V. Hill Co., 117 N.J.L. 290, 187 A. 637, (E. A. 1936); DeSantis v. Turner Construction Co., 120 N.J.L. 590, 1 A.2d 202, (Sup.Ct. 1938); Ducasse v. WalworthManufacturing Co., 1 N.J. Super. 77, 62 A.2d 480 (N.J.App. Div. 1948). We are satisfied that the evidence proffered by the petitioner establishes that his increased disability was the natural and probable result of the accident on February 28, 1946, in contra distinction to the claim of the defendant that his increased disability was attributable to his alleged accident at the plant of the Jarka Corporation.
Where, as here, the defendant seeks to attribute the increased disability to a cause unrelated to the accident in question, the defendant must assume the burden of establishing by competent evidence that its cause is unrelated to the original injury. There is no testimony here, other than Dr. Watman's, to substantiate the occurrence of the second accident, nor are there any such inferences or implications in support thereof to be drawn from the testimony of Doctors Visconti and Meehan. *Page 280 
In Marshall v. C.F. Mueller Co., 135 N.J.L. 75,50 A.2d 158, (Sup.Ct. 1946); it was held:
"On the other hand where the employer seeks to attribute the disability of the injured employee to causes for which he is not responsible, the burden of proof in that regard is on the employer. Archison v. Colgate, 3 N.J. Misc. R. 451;affirmed, 102 N.J.L. 425."
This doctrine finds support in other decisions of our courts, to wit: Atchison v. Colgate Co., 3 N.J. Misc. 451, 128 A. 598, (Sup.Ct. 1925); affirmed 102 N.J.L. 425,131 A. 921, (E. A. 1926); Serignese v. Air Reduction Sales Co.,135 N.J.L. 317, 51 A.2d 543, (Sup.Ct. 1947); Ducassev. Walworth Manufacturing Co., supra. We are of the opinion that the defendant has failed to bear the burden of required proof to establish that the employee's increased disability was attributable to the accident at the Jarka Corporation plant.
The judgment of the Hudson County Court is accordingly reversed and the judgment of the Bureau is affirmed, with costs.