**Wendell EVANS, Plaintiff,**

v.

**NEWPORT NEWS SHIPBUILDING AND DRY DOCK COMPANY, Defendant.**

**Civ. No. 1017.**

United States District Court
E. D. Virginia,
Newport News Division.

Aug. 5, 1965.

Irving R. M. Panzer, Washington, D. C., Robert Lee Watt, Alexandria, Va., Larson & Greene, Washington, D. C., Robert M. Stefanon, Greensburg, Pa., for plaintiff.

Phillips M. Dowding, Newport News, Va., for defendant.

WALTER E. HOFFMAN, Chief Judge.

Under a state of facts substantially similar to McCann v. Newport News Shipbuilding and Dry Dock Company, D.C., 177 F.Supp. 909, and other applicable authorities from the Supreme Court of Appeals of Virginia and the United States Court of Appeals for the Fourth Circuit, the defendant's motion for summary judgment must be sustained.

On July 16, 1962, plaintiff, an employee of McLean Contracting Company, was engaged in erecting two cranes which the defendant had purchased in Pittsburgh, Pennsylvania, and which had been shipped to the defendant's shipyard at Newport News, Virginia, in a disassembled condition. McLean was primarily engaged in doing the welding and structural steel work in erecting the cranes, and the defendant, using its own employees and equipment, performed the balance of the work. Plaintiff, when injured, was in the area of the crane cab and allegedly was knocked to the ground while assisting other McLean employees in erecting certain structural steel plates on one of the cranes being assembled.

The uncontradicted evidence establishes that the defendant had previously erected a number of cranes using its own personnel and equipment and, further, that it was capable of doing all of the work necessary to erect such cranes without assistance from McLean or any other party. Where the work of the defendant calls for the use of defendant's caterpillar or crawler-type cranes in other areas of the shipyard operation, or where the defendant's welders are otherwise engaged, McLean frequently takes over this portion of the work.

Defendant is certified by the Industrial Commission of Virginia as a self-insurer under the Virginia Workmen's Compensation Act. Plaintiff applied for and has received (or is still receiving) the benefits from McLean's compensation insurance carrier.

The immediate question thus far is whether plaintiff was a statutory employee of the defendant under § 65–26 of the Code of Virginia, 1950 as amended. We hold that he was and that the work being performed was a part of defendant's normal trade, business or occupation. The defendant was not an "other party" within the meaning of § 65–38. The action is barred under §§ 65–37 and 65–99. McCann v. Newport News Shipbuilding and Dry Dock Company, supra; Sykes v. Stone & Webster Engineering Corporation, 186 Va. 116, 41 S.E.2d 469; Feitig v. Chalkley, 185 Va. 96, 38 S.E.2d 73; Rea v. Ford, 198 Va. 712, 96 S.E.2d 92; Williams v. E. T. Gresham Co., 201 Va. 457, 111 S.E.2d 498; Anderson v. Thorington Construction Company, 201 Va. 266, 110 S.E.2d 396; Doane v. E. I. DuPont de Nemours & Co., 4 Cir., 209 F.2d 921; Floyd v. Mitchell, 203 Va. 269, 123 S.E.2d 369; Walker v. United States Gypsum Company, 4 Cir., 270 F.2d 857, cert. den. 363 U.S. 805, 80 S.Ct. 1240, 4 L.Ed.2d 1148.

Plaintiff's argument that the issue as to whether he was a statutory employee of defendant must be submitted to the jury under the doctrine pronounced in Byrd v. Blue Ridge Electric Corp., 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953, and Magenau v. Aetna Freight Lines, Inc., 360 U.S. 273, 79 S.Ct. 1184, 3 L.Ed.2d 1224, is sufficiently answered to the contrary in Walker v. United States Gypsum Company, supra.

■ An attempt is made to strengthen plaintiff's case by alleging punitive damages and a claim for first aid mishandling immediately following the injury. Assuming, without deciding, that defendant rendered first aid treatment which can be characterized as negligence, it avails the plaintiff nothing. Section 65–86 of the Code of Virginia, 1950 as amended, expressly provides that the consequences of any malpractice shall be deemed part of the injury resulting from the accident and that the injured employee shall be compensated for such malpractice as a part and parcel of the original injury. It is also settled that an employer is liable to pay compensation for any aggravation of the original injury, even if such aggravation arises by reason of malpractice. Fauver v. Bell, 192 Va. 518, 65 S.E.2d 575; Lynchburg Foundry Co. v. Irvin, 178 Va. 265, 16 S.E.2d 646.

Plaintiff cites certain cases which, at first blush, would appear to support his theory that a separate cause of action exists for the alleged first aid mishandling. Vessel v. Jardine Mining Co., 110 Mont. 82, 100 P.2d 75, 127 A.L.R. 1093; Ruth v. Witherspoon-Englar Co., 98 Kan. 179, 157 P. 403, L.R.A.1916E, 1201; Denes v. R. M. Hollingshead Co., 7 N.J. Misc. 39, 145 A. 321; Shipley v. Wellwood Silk Throwing Mills, 164 Tenn. 281, 47 S.W.2d 561. The difficulty with these authorities is that the statutes of the various states involved do not call for the mandatory payment by the employer of the medical attention to the employee. Indeed, the Vessel case, in referring to the Montana statute, states:

"The Act does not require the employer to furnish medical aid, and there is no hospital contract between appellant and respondent. In jurisdictions where the Act requires the employer to furnish medical aid, or where the employee submits to the employer's selected physician or surgeon, it has been held that the Workmen's Compensation Act is exclusive, on the theory, it would seem, that if the employer is bound to furnish medical aid, or if the employee submits to the employer's selected physician, then the employer should be protected and the Compensation Fund should pay the employee for any additional or new injury sustained. In our opinion the Workmen's Compensation Act of Montana cannot be so construed."

The same rule applies in Kansas, New Jersey and Tennessee. As we know, Virginia requires the employer to furnish medical aid; it requires the injured employee to submit to treatment by the employer's selected physician subject to certain exceptions not here pertinent; and it makes the employer responsible for malpractice. Thus, Virginia follows the general rule as stated in 127 A.L.R. 1110.

■■ Virginia has ruled that, in order to maintain an action for punitive or exemplary damages, a finding of compensatory damages is a prerequisite. Zedd v. Jenkins, 194 Va. 704, 74 S.E.2d 791. Assuming arguendo that, on presentation of the facts, willful action or misconduct on the part of the defendant may be shown, the claim is barred by § 65–37 which provides that the remedies afforded by the Act "shall exclude all other rights and remedies." If such was not the situation, the Virginia Workmen's Compensation Act could be completely thwarted by the simple expedient of alleging punitive damages. Some states reserve to the injured employee the common law remedy caused by willful action or misconduct of the employer. 58 Am.Jur., Workmen's Compensation, § 54. Virginia has not reserved this right by statute and, in light of § 65–37, we must conclude that punitive damage ac-

tions are not maintainable in such a situation.

Plaintiff relies upon a line of Texas decisions[1] which, plaintiff argues, hold that if the *injured* employee shows that he would be *entitled* to actual or compensatory damages but for the Compensation Act, then he may recover punitive damages in an appropriate case. To the contrary, the Texas rule is applicable only in cases involving the *death* of the employee under § 26 of Article 16 of the Texas Constitution, Vernon's Ann. St., which provides:

> "Every person, corporation, or company that may commit a homicide, through wilful act, or omission, or gross neglect, shall be responsible in exemplary damages, to the surviving husband, widow, or heirs of his or her body, or such of them as there may be, without regard to any criminal proceeding that may or may not be had in relation to the homicide."

The Texas Workmen's Compensation Act expressly provides that employees under the Act are deemed to have waived their common law rights to recover damages for injuries sustained in the course of their employment. Vernon's Ann. Revised Civil Statutes, Art. 8306, § 3a. However, the Texas Workmen's Compensation Act, in apparent recognition of the Texas Constitution, provided in Revised Civil Statutes, Art. 8306, § 5, the following:

> "Nothing in this law shall be taken or held to prohibit the recovery of exemplary damages by the surviving husband, wife, heirs of his or her body, or such of them as there may be of any deceased employé whose death is occasioned by homicide from the wilful act or omission or gross negligence of any person, firm or corporation from the employer of such employé at the time of the injury causing the death of the latter. * * * *"

Indeed, the Texas cases involving personal injuries specifically exclude the right to recover punitive or exemplary damages. Castleberry v. Frost-Johnson Lumber Co. (Tex.Com.App.), 283 S.W. 141; Jones v. Jeffreys (Tex.Civ.App.), 244 S.W.2d 924.

 As applied to this case, therefore, the Texas law is in accord with Virginia. We hold that neither the allegation nor proof of punitive damages is sufficient to remove the case from § 65–37 of the Code of Virginia.

Present order following presentation to counsel for plaintiff for inspection and endorsement.

1. Fort Worth Elevators Co. v. Russell, 123 Tex. 128, 70 S.W.2d 397; Morton Salt Co. v. Wells, 123 Tex. 151, 70 S.W.

2d 409; Bonner v. Texas Co., 5 Cir., 89 F.2d 291; Dudley v. Community Public Service Co., 5 Cir., 108 F.2d 119.