## CIRCUIT COURT OF FAIRFAX COUNTY

Simpson

v.

Woodside Development, Inc.

May 20, 1986

Case No. (Law) 70200

By JUDGE F. BRUCE BACH

This matter came before the court on Defendant Woodside Development, Inc.'s (hereinafter, "Woodside") Plea in Bar. Defendant argues that the Virginia Workers' Compensation Act, Va. Code § 65.1-1 et seq., bars Plaintiff from bringing this action for damages. After reviewing the memoranda submitted by counsel and the authorities cited therein, it is the opinion of this court that the Plea in Bar must be dismissed.

The central question for determination is whether Woodside was Mr. Simpson's "statutory employer" within the meaning of Va. Code § 65.1-29 as interpreted by the courts. If Woodside is found to be the statutory employer, this court has no jurisdiction to hear this action, for the Compensation Act provides a separate and exclusive remedy. The Supreme Court of Virginia has found the most reliable test to be that which it originally applied in *Shell Oil Co.* v. *Leftwich*, 212 Va. 715, 722, 187 S.E.2d 162, 167 (1972):

> The test is not one of whether the subcontractor's activity is useful, necessary, or even absolutely indispensable to the statutory employer's business, since, after all, this could be said of practically any repair, construction or transportation service. The test (except

in cases where the work is obviously a subcontracted fraction of a main contract) is whether this indispensable activity is, in that business, *normally* carried on through employees rather than independent contractors.

*Bassett Furniture* v. *McReynolds*, 216 Va. 897, 902, 224 S.E.2d 323 (1976). In order to determine whether work is "normally carried on through employees," the court must examine frequency and regularity of performance. *Id.* "Mere capacity to perform, standing alone, is not determinative. . . [n]or is performance which is a *de minimis* part of the total business operation." *Id.* at 903.

Woodside cannot be considered the statutory employer of Mr. Simpson under this test. The evidence showed that Defendant Woodside is in the business of building and selling homes. Because building sites can be vandalized, Woodside uses security personnel to guard its property. While Woodside's own employees occasionally act as security guards during the day, Woodside contracts with independent security personnel to ensure the safety of its construction sites at night. Mr. Simpson, Plaintiff's decedent, was such an independent contractor hired for nighttime surveillance. Even though security may be essential to the well-being of Woodside's business, it is not frequently or regularly carried on through employees.

Plaintiff cites *Farrish* v. *Courion Industries, Inc.*, 722 F.2d 74 (4th Cir. 1983), for a helpful additional test. Applying the *Shell Oil* test, the *Farrish* court also asked whether the employer was equipped normally to handle the task, both as to skilled manpower and as to tools. *Id.* at 80. It is apparent that the equipment a security guard uses (e.g., uniforms, guns, etc.) is nor normally used in a construction and development business. Moreover, the skills involved in carrying out a night watchman's duties are not those typically utilized in the construction business.

Defendant Woodside cites two cases in support of its Plea in Bar. These cases, *Evans* v. *Newport News Shipbuilding and Dry Dock Co.*, 243 F. Supp. 1017 (E.D. Va. 1965), and *Anderson* v. *Thornington Construction Co.*, 201 Va. 266, 110 S.E.2d 396 (1959), are distinguishable from the case at bar. In *Evans*, the United States District Court for the Eastern District of Virginia held that the defendant shipyard was the statutory employer of

the plaintiff, an employee of a company hired to do welding and structural steel work in erecting cranes. Unlike the instant case, the welding and structural steel work being performed was a part of defendant's normal business and utilized similar skills and equipment. Likewise, the *Anderson* decision involved a plaintiff and defendant both engaged in the business of construction.

For the foregoing reasons, Defendant's Plea in Bar will be dismissed.