Fannie Turner, complainant and appellant,

*v.*

James H. Davenport et al., defendants and respondents.

[Submitted March Term, 1901.  Decided June 17th, 1901.
Filed June 17th, 1901.]

1. The last clause of section 14 of the Married Women's act of March 27th, 1874 (*Gen. Stat. p. 2015*), declaring that nothing in the act should "enable husband and wife to contract with or to sue each other except as heretofore," is not repealed by the amendatory act of June 13th, 1895. *Gen. Stat. p. 2017.*

2. Section 4 of our Married Women's act makes the wages and earnings of a married woman, since the passage of the act, in any employment in which she is employed, separately from her husband, her sole and separate property as though she were a single woman.

3. Under our statute a married woman may engage for wages, by contract, with any person other than her husband, and whether her husband consent or not, she is entitled to receive the money due her for such service as her separate property.

4. The rule of the common law that a husband, by virtue of the marital contract, was entitled to the earnings of the wife, is superseded by our statute, where the wife contracts for her services with any other person than her husband, and wages to which she is entitled under such a contract are her separate property and cannot, as against her claim therefor, be reduced to possession by the husband.

5. A married woman may contract with a firm in which her husband is a member and recover in equity for wages for her personal services under such contract.

On appeal from a decree of the chancellor, whose opinion is reported in *16 Dick. Ch. Rep. 18.*

Turner *v.* Davenport.

*Mr. Walter J. Knight,* for the appellant.

The opinion of the court was delivered by

Fort, J.

This was a bill by a married woman to have it decreed that the defendants, constituting a co-partnership, of which her husband is a member, pay her for her services to the firm.

The opinion of the chancellor in this case, as reported, correctly states the facts.

The performance of the services was admitted. The amount claimed is found by the chancellor to have been reasonable.

The claim is a just one. The only question is, can a wife recover for her services to a firm in which her husband is a member?

The claim of right to recover is first put upon the ground that a wife may contract with her husband and maintain a suit in equity even against him to enforce such a contract, under the amendment to our Married Women's act, passed June 12th, 1895. *P. L. of 1895 p. 821.*

The insistment is that this amendment of 1895 so modifies the Married Women's act, approved March 27th, 1874 (*Rev. Stat. 1874 p. 469 § 5*), as to permit her to contract with any person, and hence with her husband, and making such contracts enforceable, both at law and in equity, by or against such married woman, even as to her husband. *Gen. Stat. p. 2017 § 26.*

A full discussion of the effect of the amendment of 1895 will be found in the opinion of the learned chancellor in this case. With his conclusions upon this statute we agree. His construction of the statute is adopted by us on this branch of the case for the reasons stated by him. *Turner* v. *Davenport, 16 Dick. Ch. Rep. 18.*

The other ground upon which reversal is asked is that the learned chancellor erred in denying the relief prayed and holding that the complainant is not entitled to relief in equity, because the money sought to be decreed to be paid to her is for her wages, for her labor and personal services to the firm in which her husband is a member, the right to which wages is

in her husband, by virtue of the marriage relation, and hence no part of her separate estate for which she may maintain a bill in equity against her husband or a firm in which he is a member.

That a bill could be maintained at common law by a wife even against her husband, where he held money of his wife's separate estate, the learned chancellor concedes in this case, and cites the authorities fully to sustain that position. *Turner* v. *Davenport, supra.*

This court held the same doctrine in a later case. *Adoue* v. *Spencer, 17 Dick. Ch. Rep. 782.*

It is well settled at common law that the wages and earnings of the wife became, or could become, by reduction to possession, the absolute property of the husband. Moneys due her were choses in action, which he could reduce to possession.

Our Married Women's act has intervened, if not to entirely change this, certainly to change the presumptions arising from the mere fact of services performed and wages due a wife.

She may now contract with any person.

She may engage to labor or serve in any capacity for wages. She may engage in business on her own account. She may sue for the recovery of debts or wages due her, apart from her husband.

If a husband may still be said to be in a position to claim his wife's earnings, if he demand, or make claim to them before they are paid, or assert a right thereto as against her claim or suit therefor, his right is not one which courts will assume to exist, or allow by operation of law, to defeat the wife's claim or suit to recover for such earnings when due.

Under our statute permitting a wife to contract "with any person" as if she were a *feme sole,* it will at least be presumed, in default of any dissent on the part of the husband, and certainly when it appears he had knowledge of it, that he assents to her receiving the wages of her labor to her own use.

By section 11 of our Married Women's act a wife is given express statutory right to maintain a suit in her own name for her wages and earnings, which are, by our statute, made her separate property. *Gen. Stat. p. 2014.*

Turner *v.* Davenport.

Section 4 of our Married Women's act makes

"the wages and earnings of any married woman acquired or gained by her after the passage of this act in any employment, occupation or trade in which she is employed and which she carries on separately from her husband, * * * her sole and separate property as though she were a single woman." *Gen. Stat. p. 2013 § 4.*

It is clear that, under our statute, a married woman may engage for wages, by contract, with any person other than her husband, and that, whether her husband consent or not, she may receive the moneys due her for such services as her separate property, and, as it seems to me, this statute expressly negatives the right of the husband to reduce such wages to possession, by declaring that such wages "shall be her sole and separate property," for at common law he could not reduce property of her sole and separate estate to his possession to such an extent, at least, as to be free from liability to account to her therefor in equity. *Story Eq. Jur. § 1380; 3 Pom. Eq. Jur. §§ 1098, 1099, 1103; Taylor* v. *Meads, 4 De G. J. & S. 597, 603, 604; Jones* v. *Clifton, 10 U. S. 225, 229; Peacock* v. *Monk, 2 Ves. Sr. 191; Kelly Mar. Wom. 251 § 2.*

The rule of the common law was founded upon the theory that husband and wife were one in law. When our statute, by express provision, gave to the wife the right to contract, as if she were a *feme sole,* with any person, except her husband, the reason for the rule ceased.

When the reason for a rule ceases, the rule is no longer in force. *McBlain* v. *Edgar, 48 Atl. Rep. 600.*

In this case services were rendered by the complainant to the firm of which her husband was a member. The learned chancellor says: "If the contract between them established a chose in action, it was one which the husband could, prior to the passage of the act, reduce to possession and hold absolutely, and a bill in equity would not lie therefor; for it would be absurd to say that the husband, having the earnings of his wife in his pocket, and refusing to pay them to her, had not reduced them to possession."

This does not seem to us to be the position of the husband.

He and his partner were made parties defendant to her bill and neither of them answered. The bill stands confessed as to all. Not only the justice of her claim, but her right to have it to her own use, is admitted by the default. The husband makes no claim to possession of the funds, nor claim or right to reduce the same to possession. To us this seems a complete abandonment of such right, even if it exists.

Nor do we agree to the suggestion that the husband, who is a member of the co-partnership for which his wife has labored for wages, can be said to have her earnings in his pocket. Partnership assets are first liable to pay partnership debts. *2 Lind. Part. \*599; Hill* v. *Beach, 1 Beas. 31; Blackwell* v. *Rankin, 3 Halst. Ch. 152, 162.*

As an individual, he cannot be said to have any part of the firm assets in his pocket, or a right to so have, until all the partnership debts are paid.

A bill by a wife asking to be paid, on the distribution of the co-partnership assets, wages admittedly due her for her labor and personal services rendered to the co-partnership, cannot be said to be a bill seeking to recover moneys due the wife which the husband has reduced to possession, simply because he is one of the firm.

We think that the wages due the wife for services to the co-partnership became, by our statute, and also with the assent of her husband by his confessing her bill, her sole and separate property, and that she is entitled to enforce her claim in equity against the assets of the firm in which her husband is a member.

For this reason the decree must be reversed, and a decree directed to be entered allowing the complainant's claim as established by the evidence.

*For reversal*—THE CHIEF-JUSTICE, VAN SYCKEL, DIXON, GARRISON, COLLINS, GUMMERE, FORT, GARRETSON, HENDRICKSON, BOGERT, KRUEGER, ADAMS, VREDENBURGH, VOORHEES—14.

*For affirmance*—VROOM—1.