CLIFFORD BROWN, PETITIONER, v. GRACE CONOVER, APPELLANT; AMERICAN CASUALTY COMPANY, RESPONDENT-PROSECUTOR.

Argued October 3, 1935—Decided February 27, 1936.

For the American Casualty Company, holding the rule, *Walter X. Trumbull.*

For Grace Conover, appellant in the Common Pleas, *John Lloyd, Jr.,* and *Daniel De Brier.*

The opinion of the court was delivered by

PARKER, J.  In a workmen's compensation case, petitioner, Brown, joined as defendants his employer Conover and her insurance carrier American Casualty Company. That company undertook to appear specially on a claim of misjoinder, urging that the insurer could not be joined as a party to the petition in the first instance.  That claim was overruled at first by the deputy commissioner, and the hearing proceeded as against both the employer and her insurer, counsel for the latter having participated in the trial on the merits to the extent of cross-examining both petitioner and employer, and their witnesses.  At the conclusion of the evidence counsel for the insurer renewed a motion to dismiss as to that company on the theory just stated.  The deputy commissioner adopted this view, and adjudged that the award should be only against Mrs. Conover the employer; pointing out that the case was not within section 8 of the act of 1917 (*Pamph. L., p. 522,* at *p. 525*), there being nothing in the evidence to show that the final clause of that section relating to insolvency, &c., of the employer was applicable.

From this award Mrs. Conover, the employer, appealed to the Pleas, setting up, first, non-liability to the petitioner—which was abandoned—and secondly, that it was error to discharge the insurance carrier as improperly joined.  The Court of Common Pleas agreed with her that this was error, and entered an award against both the employer and the insurer for the weekly payments and the medical expenses, with costs to Mrs. Conover against the Casualty Company.

The present application is by that company for a *certiorari* to review the judgment of the Pleas, to the end that this court

set it aside as erroneous. Ordinarily, and as a matter of practice, this court in the exercise of its discretion will allow a writ where a fairly debatable question is presented: but there has been considerable delay in this cause, and as there is only one question really in the case, which has twice been fully argued before reaching this court, and has been further fully argued and briefed on these cross-motions, and as we conclude that the view taken by the Pleas on that question was correct, the rule will be discharged for reasons presently to be given, to the end that the present litigation terminate.

For the insurer, prosecutor, the preliminary point is made that Mrs. Conover had no status to appeal as against prosecutor, because she was not legally aggrieved. But we think that she was. It is not a case of a judgment against joint tort feasors in which neither can recover over against the other. Mrs. Conover, while in a sense primarily liable to the employe, is entitled as between herself and the company to have the latter stand in her place in regard to the award, and to insist that it do so. She claims that instead of being forced to pay the award herself and then bring her own suit against the company to get her money back, she is entitled to save vexatious litigation by having an adjudication in the compensation case that the company pay in the first instance in accordance with the usual practice where there is no dispute, and avoid expense and circuity of action. If that is her right, she is clearly aggrieved by the denial of it.

We therefore approach the real question in the case, which is, whether the Compulsory Insurance act of 1917, *ubi supra,* contemplates a joint proceeding in the first instance against employer and insurer, where insurance is taken out as indicated in the act, which is the situation here.

Section 8 provides in substance that the employer shall be primarily liable, with recourse over against the insurer; but that the insurer shall be directly liable to the employe in case of death, insolvency, &c., of the employer. This case is therefore not within section 8 as the Pleas properly held. But section 10 reads into the insurance contract the provision that the employe may enforce the contract either

(a) By agreement by employer and insurer where compensation is settled by agreement; or

(b) by joining the insurer with the employer in the petition for compensation; or

(c) by subsequent application to the Pleas on the failure of the employer to make adequate and continuous payments.

The case falls within the clause we have partially quoted as (b). It is complete in itself and without qualification as in the case of clause (c) : and naturally so, as the filing of a petition connotes some sort of dispute between employer and employe, or some failure to pay. *Pamph. L.* 1911, *p.* 141, § 18; *p.* 142, § 20; *Pamph. L.* 1918, at *p.* 430, § 4; *p.* 431, § 5. The case of *Harvender* v. *United States, &c., Co.,* 8 *N. J. Mis. R.* 634, is not inconsistent with this view, as in that case the claim was made under clause (c) and proof was wanting to show failure of payments.

We think the judgment of the Pleas in this case was right. The rule will be discharged, with costs.