PATRICK BREHENY, PETITIONER-PROSECUTOR, v. COUNTY OF ESSEX AND BANKERS INDEMNITY INSURANCE COMPANY, RESPONDENTS-DEFENDANTS.

Submitted May 6, 1947—Decided September 4, 1947.

Before Justices DONGES, COLIE and EASTWOOD.

For the petitioner-prosecutor, *David Roskein* (*John A. Laird,* of counsel).

For the respondents-defendants, *Maurice C. Brigadier.*

The opinion of the court was delivered by

EASTWOOD, J. This is a workmen's compensation case now in its tenth year of litigation. *Certiorari* has been allowed to review the determination of the Essex County Court of Common Pleas reversing and vacating the judgment of the Workmen's Compensation Bureau in favor of petitioner-prosecutor. A synopsis of the various judicial determinations involved in the litigation will be of aid in clarifying what is

on the whole a rather confused picture of events. They may be concisely stated as follows:

Patrick Breheny, the prosecutor herein, sustained a compensable accident on May 16th, 1938, while employed by the respondent County of Essex. Breheny filed a claim petition in the Bureau and was successful in securing an award of .40% of total disability on March 15th, 1940. Thereafter, on August 7th, 1940, he filed an application for a pension with the Essex County Pension Commission, and which was granted on February 7th, 1941. In connection with the pension it appears that Breheny and the Pension Commission entered into an agreement that there should be deducted, from the pension moneys paid to Breheny, all amounts received by him under the workmen's compensation award from the insurance carrier, the Bankers Indemnity Insurance Company, one of the respondents herein. During the period that Breheny received compensation payments under the original 40% award made in his favor, such compensation payments were deducted by the County Pension Commission. On September 14th, 1942, Breheny notified the Pension Commission that he had received his final compensation check and would thereafter expect to be paid the full amount of his pension. On February 13th, 1943, Breheny filed a petition for increased disability, and on July 14th, 1943, the disability award was increased to 100% of total by the Bureau. An appeal from the award was taken to the Common Pleas and the judgment of the Bureau affirmed by that court on September 26th, 1944. *Certiorari* was then resorted to by respondents with the result that the judgment of the Pleas were affirmed by the Supreme Court on April 13th, 1945, 132 *N. J. L.* 584. Again an appeal was taken to the Court of Errors and Appeals resulting in a unanimous affirmance by that court of the judgment of the Supreme Court, 134 *Id.* 129; 45 *Atl. Rep.* (*2d*) 700. Not satisfied with the determination of the Court of Errors and Appeals in favor of Breheny, application to vacate the judgment of July 14th, 1943, was made by respondents herein to the Workmen's Compensation Bureau on February 26th, 1946, on the ground that said judgment was void, illegal and against the public policy of the State of New Jersey, it being

claimed that the respondent Bankers Indemnity Insurance Company had acquired newly discovered evidence of the pension payments received by Breheny during the previous litigation, of which fact it had no previous knowledge. Respondents' motion to vacate the judgment was denied by the Bureau on July 8th, 1946, the Commissioner ruling that the judgment of the Bureau as affirmed by the progressive steps through the Court of Errors and Appeals was *res adjudicata*; that there was no question of public policy involved; that the Bureau had original jurisdiction to entertain the cause, and that the status of Breheny as a pensioner, not having previously been raised by the respondents as a defense, could not then be raised to void the judgment since it was apparent that the matters then urged for the first time did not constitute newly discovered evidence, and further that there was no allegation of fraud. The Commissioner further held that the judgment of the Bureau having been removed to the Essex County Court of Common Pleas on appeal, there was no longer any judgment in the Bureau which it had any power to vacate or disturb. Respondents then appealed from this determination of the Bureau to the Common Pleas and on December 11th, 1946, the order of that court was entered vacating the judgment of the Bureau. It is from the latter determination that the present proceeding emerges.

In the original claim petition and also in the petition for increased disability, the respondent Bankers Indemnity Insurance Company, was directly named as a party defendant. It was proper for the petitioner so to proceed directly against the insurance carrier. *Brown* v. *Conover,* 116 *N. J. L.* 184; 183 *Atl. Rep.* 304. The original compensation award of 40% of total disability was entered against the County of Essex and the Bankers Indemnity Insurance Company and was paid by the insurance company. The proceedings for increased disability were defended by Bankers Indemnity Insurance Company without any participation on the part of counsel for Essex County. The progressive steps in the litigation, including the final proceedings before the Court of Errors and Appeals and the application thereafter in the Bureau to vacate the judgment, were fully participated in by Bankers

Indemnity Insurance Company. It will thus be seen that the active defense of the proceedings in their entirety has, for all practical purposes, been undertaken exclusively by the respondent insurance carrier.

The principal defense relied upon is that the judgment of the Bureau awarding increased permanent disability to Breheny is void on the ground that the Bureau lacked jurisdiction of the subject-matter upon which such a determination could be made and since Breheny, by his acceptance of a pension, had severed the relationship of employer and employee between the County of Essex and himself. The statutory provision upon which the defense is based is claimed to be set forth in *R. S.* 34:15–43 providing as follows:

"34:15–43. Public employees within workmen's compensation law.

"Every employee of the State, county, municipality or any board or commission, or any other governing body, including boards of education, and also each and every active volunteer fireman doing public fire duty under the control or supervision of any commission, council or any other governing body of any municipality or any board of fire.commissioners of such municipality or of any fire district within the State, who may be injured in line of duty shall be compensated under and by virtue of the provisions of this article and article two of this chapter (sections 34:15–7, *et seq.*), but no person holding an elective office shall be entitled to compensation. Nor shall any former employee who has been retired on pension by reason of injury or disability be entitled under this section to compensation for such injury or disability.

"Nothing herein contained shall be construed as affecting or changing in any way the provisions of any statute providing for sick, disability vacation or other leave for public employees or any provision of any retirement or pension fund provided by law."

It is said that the case of *Reinhold* v. *Town of Irvington,* 134 *N. J. L.* 416; 48 *Atl. Rep.* (2*d*) 641, decided by this court in 1946, is controlling, and that by the force of *R. S.* 34:15–43 and *Reinhold* v. *Town of Irvington, supra,* that

prosecutor herein is barred from receiving the compensation award by reason of his acceptance of a pension. Assuming, but not conceding that the holding enunciated in *Reinhold* v. *Town of Irvington, supra,* might be applicable to the facts in the matter at bar, we are nevertheless persuaded that the respondents herein cannot successfully defend and defeat prosecutor's rights under the determination and award heretofore made in his favor. It cannot successfully be denied that the employer, County of Essex, had full knowledge of the pension arrangement made with prosecutor. This being so, the respondent, Bankers Indemnity Insurance Company, stands in the shoes of the County of Essex in so far as knowledge is concerned. *R. S.* 34:15–85. In fact, the record shows that the insurance carrier also had knowledge that the prosecutor was receiving said pension, and did not interpose a defense to that effect. Although *Reinhold* v. *Town of Irvington, supra,* was not decided until September 4th, 1946, it cannot be gainsaid that such defenses as were availed of in that case were certainly available to the respondents herein from the very inception of the present litigation. The fact that such defenses were not judicially enunciated until *Reinhold* v. *Town of Irvington, supra,* was officially decided. does not in any way impair that principal of law. A determination of the Workmen's Compensation Bureau is undoubtedly *res adjudicata,* to all questions of law and fact comprehended by the determination, including those involving jurisdiction, the right to compensation and the nature and extent of the existing disability subject only to its correction on appeal. *Drake* v. *C. V. Hill & Co.,* 117 *N. J. L.* 290; 187 *Atl. Rep.* 637.

Having actively participated in the present litigation from its inception, and not having raised any defense based upon the pension status of the prosecutor herein at any time until after the final adjudication by the Court of Errors and Appeals, we conclude that respondents are estopped from raising for the first time this particular defense in the proceedings before the Bureau to vacate the judgment, and that the judgment in favor of prosecutor as approved by the Court of Errors and Appeals is *res adjudicata* and conclusive.

*Drake* v. *C. V. Hill & Co., supra.* The fact that Breheny was the recipient of a pension was in our opinion well-known to or should have been known by respondents and cannot be said to constitute newly discovered evidence. Nor is there any allegation of fraud in respondents' petition to vacate the determination and judgment of the Bureau. The Bureau was, therefore, powerless to recall its judgment and vacate or disturb it in any manner. *Breen Iron Works* v. *Richardson,* 115 *N. J. L.* 305; 180 *Atl. Rep.* 192; *affirmed,* 117 *N. J. L.* 150; 187 *Atl. Rep.* 145. Having failed to raise the defense of Breheny's pension, respondents are bound by the final judgment rendered in the cause by the Court of Errors and Appeals. *Natural Products Refining Co.* v. *Court of Common Pleas,* 125 *N. J. L.* 309; 15 *Atl. Rep.* (2d) 754; *Textileather Corp.* v. *Great American Indemnity Co.,* 108 *N. J. L.* 121; 156 *Atl. Rep.* 840; *Cook* v. *Preferred Accident Insurance Co.,* 114 *N. J. L.* 141; 176 *Atl. Rep.* 178.

The respondent insurance carrier has urged upon us that it would be violative of public policy to permit prosecutor to receive both payments under the compensation award and at the same time the benefits of his pension. In our opinion this contention is without substance. *R. S.* 34:15–43 in so far as it provides that no former employee who has been retired on pension by reason of injury or disability shall be entitled to compensation for such injury or disability contemplated protection of taxpayers and not protection of private corporations such as respondent insurance carrier.

We have considered all the other points advanced by the respondents and find them to be without merit.

The judgment of the Common Pleas is accordingly reversed, with costs.