PATRICK BREHENY, PETITIONER-APPELLEE, v. COUNTY OF ESSEX AND BANKERS INDEMNITY INSURANCE COMPANY, RESPONDENTS-APPELLANTS.

Argued October 27, 1947—Decided January 29, 1948.

For the petitioner-appellee, *David Roskein* (*John A. Laird,* of counsel).

For the respondents-appellants, *Maurice C. Brigadier.*

The opinion of the court was delivered by

OLIPHANT, CHANCELLOR. This is a workmen's compensation case involving the right of one who has been awarded compensation to thereafter assume the status of a pensioner and to secure an award for increased disability. Our answer to this is in the affirmative under the facts of this case. These are fully set forth in the opinion of the Supreme Court reported in 136 *N. J. L.* 87, but for a clear understanding of our determination of the cause some repetition is necessary.

Petitioner, an employee of the County of Essex suffered an accident on May 16th, 1938, and secured an award from the Workmen's Compensation Bureau of 40% of partial perma-

nent total disability and for temporary compensation on March 15th, 1940. Payment in full of this award was concluded on August 30th, 1942. On August 7th, 1940, he filed an application for a pension because of physical disability with the Essex County Employee's Pension Commission which was granted February 7th, 1941. On February 27th, 1943, petitioner filed with the Workmen's Compensation Bureau a petition for an award for increased disability and on July 14th, 1943, a rule for judgment was entered under which his compensation was increased to 100% of permanent total disability. This judgment was, on appeal, affirmed by the Court of Common Pleas of Essex County, by the Supreme Court, 132 *N. J. L.* 584, and by this court, 134 *Id.* 129. After this last decision a motion was made to the Bureau to vacate its judgment of July 14th, 1943. This was denied and an appeal was taken therefrom to the Pleas which reversed the Bureau and vacated its judgment. The action of the Pleas was then reversed by the Supreme Court. It is from this judgment that the present appeal is taken.

The main argument of appellants is that because petitioner had become a pensioner the relationship of employer and employee had ceased to exist at the time of the filing of the petition for an increased disability award and therefore the Bureau lacked jurisdiction and its award is void.

· There can be no question but that a pensioner is not entitled to an award for compensation. The Workmen's Compensation Act in *R. S.* 34:15–43 provides "Nor shall any former employee who has been retired on pension by reason of injury or disability be entitled under this section to compensation for such injury or disability" and this court has determined that a person cannot have the benefit of both the Pension and Compensation Acts. It is axiomatic that to be entitled to compensation the relationship of employer-employee must exist and there is no such relationship in the case of a pensioner. A person cannot be both an employee and a pensioner, he must be one or the other. *DeLorenzo* v. *Board of Commissioners,* 134 *N. J. L.* 7.

An employer-employee relationship existed at the time of the original award in the instant case. No attack has ever

been made thereon. It was only after the increased disability allowance had been granted by the Bureau, affirmed by the Pleas, the Supreme Court and the Court of Errors and Appeals that the attack began by the application to the Bureau to vacate its judgment. The judgment of the Bureau on the original petition, affirmed by this court, was *res adjudicata* as to all questions of law and fact thereby determined including those involving jurisdiction. *Tucker* v. *Frank J. Beltramo, Inc.*, 117 *N. J. L.* 72.

There are other compelling reasons why appellants cannot prevail even though at the time of filing of the petition for an increased disability allowance the petitioner was a pensioner and the relationship of employer-employee had ceased to exist. In the first place, the only jurisdiction possessed by the Bureau at that time was to determine whether the disability had in fact increased, *Tucker* v. *Frank J. Beltramo, Inc., supra;* further an employee who has been awarded compensation for partial incapacity may, after the relation of master and servant terminates, procure an award for an increase in incapacity; and then still further there having been no fraud and the matter of the pension not being newly discovered evidence, the fact of a change in relationship became at best a matter of defense in order to be availed of. The decision of the Bureau was *res adjudicata* as to all matters which could have been raised or which were actually raised. *Nuzzi* v. *United States Casualty Co.*, 121 *N. J. L.* 249. At all times the insurer here, the appellant, had full control of the conduct of the defense. It knew or could have known of the pension status and could have pleaded it. It cannot at this late date be set up in an endeavor to avoid the judgment. An appellant is bound by the case presented at the hearing. A new trial should not be granted on evidence which has been withheld. *Natural Products Refining Co.* v. *Court of Common Pleas*, 125 *N. J. L.* 309. Because the facts now relied upon were not contained in the record was the fault of appellant. It should not now be heard to complain. If orders such as prayed for were granted it would lead to indefinite and interminable litigation which it is the policy of the law to prevent.

It is claimed that a question of public policy is here involved. We perceive none. When the pension was granted it was with the understanding that credit would be given the County Pension Commission for compensation payments made to the pensioner and this obligation will continue as long as payments are made under the second judgment. The pensioner will not doubly benefit.

We are unable to agree with that portion of the Supreme Court opinion wherein it states that "*R. S.* 34:15–43 in so far as it provides that no former employee who has been retired on pension by reason of injury or disability shall be entitled to compensation for such injury or disability contemplated protection of taxpayers and not protection of private corporations such as respondent insurance carrier." There is no greater obligation on an insurance carrier than on its insured. The carrier stands in the shoes of its insured, its liability is co-equal and co-extensive with that of its insured, it can be no greater.

The judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, BODINE, HEHER, WACHENFELD, BURLING, WELLS, DILL, FREUND, McLEAN, SCHETTINO, JJ. 11.

*For reversal*—None.