This is a workmen's compensation case. Petitioner-appellant, Thomas Sanderson, appeals from a judgment of the Hudson County Court, Law Division, reversing an award of the Workmen's Compensation Bureau for increased permanent disability and dismissing the claim-petition.
The undisputed facts are: Appellant suffered a compensable accident arising out of and in the course of his employment with the respondent corporation on February 21, 1943, causing partial permanent disability; on December 28, 1943, the Bureau awarded appellant 25% partial permanent disability, holding that "the sole issue presented to me for adjudication is the extent of permanent disability, attributable to the accident;" that the award was paid by respondent; that at a hearing on July 3, 1946, following claim-petition for *Page 211 
increased permanent disability, the Bureau awarded appellant an increase of partial permanent disability from 25% of total to 40% of total; that the Bureau's determination, on appeal to the Common Pleas Court, was affirmed on December 23, 1946; that the respondent thereupon paid the judgment without further appeal; that on July 1, 1947, appellant filed his third petition claiming total permanent disability. At the conclusion of the hearing in the Bureau, appellant was awarded an increase of 60% of total permanent disability, thereby fixing his total permanent disability at 100%. On appeal to the County Court, the judgment of the Bureau was reversed and the claim-petition was dismissed. Sanderson's appeal stems from the judgment of the County Court.
The only question requiring determination is whether the increased disability claimed by appellant was attributable to the accident in question. Appellant contends that the first two judgments of the Bureau, the second of which was affirmed by the Pleas in 1946, are res judicata of the issue raised by the respondent. Respondent disputes this contention.
The medical witnesses were in accord that appellant is now suffering total permanent disability, but they are not in agreement that appellant's disability is wholly attributable to the accident in question. Appellant's medical witnesses assert that the greater percentage of his disability is attributable to "multiple sclerosis," a degenerative disease of the central nervous system which is incurable and its cause not definitely known; that the accident suffered by appellant either caused or aggravated his "multiple sclerosis." Assuming, but not deciding, that Sanderson had, prior to the accident, suffered from "multiple sclerosis," and the accident had aggravated the condition, his injury would be compensable. Hahn v. D., L. W.R.R. Co., 92 N.J.L. 277 (Sup. Ct. 1918); affirmed,93 N.J.L. 463 (E. A. 1919); Hercules Powder Co. v. Nieratko,113 N.J.L. 195 (Sup. Ct. 1934). Per contra, respondent's medical witnesses testified that "multiple sclerosis" is a disease that could not be caused by trauma and, therefore, was not causally related to the appellant's accident. Appellant argues that this issue was specifically raised and *Page 212 
disposed of at the trials of the earlier claims, more specifically at the hearing of the second petition for increased disability; that the Bureau found adversely to respondent, and on appeal the County Court affirmed the Bureau. This assertion is supported by the County Court's affirmance of the award of the Bureau when, in its 1946 determination, it stated, inter alia:
"that on February 21, 1943, the petitioner was struck on the back by a swinging cannon, and as a result thereof, developed a condition known as multiple sclerosis and that respondent had due notice thereof."
We are convinced that the issue as to whether the "multiple sclerosis" from which appellant was concededly suffering was attributable to the accident, was tried and determined in connection with the second claim-petition for increased disability and that the determination of the Bureau, affirmed by the County Court, specifically held that there was a causal relationship between appellant's "multiple sclerosis" and the accident. The Bureau made similar findings of fact in its determination of the claim under review. The prior judgment isres judicata and, therefore, final and conclusive upon respondent and precludes it from denying its finality and efficacy. This is particularly so, in view of the fact that respondent took no appeal and paid the judgment. The rule of law applicable in this State to an application for increased disability holds that the only question for consideration and determination is whether the employee has suffered an increase of disability. Mr. Justice Heher has well stated the rule in Tuckerv. Frank J. Beltramo, Inc., 117 N.J.L. 72 (Sup. Ct. 1936), wherein it was held:
"The final judgment of the bureau is nevertheless resjudicata. It is, in accordance with paragraph 11, as amended by chapter 229 of the laws of 1921, supra, final and conclusive as to all matters comprehended by the determination, subject only to the exercise of the bureau's power to `reopen' the judgment, correction on appeal, and modification by the bureau under the reviewing power for increased or diminished incapacity conferred by the act of 1931, supra. * * *
A sine qua non to the exercise of this continuing jurisdiction is a subsequent change in the condition of the employe which materially increases or diminishes the disability. * * * The extent of the *Page 213 
disability, in so far as it may have subsequently increased or diminished, or ended, is properly the subject, and the only subject, of review under this clause. * * *."
See Breheny v. County of Essex, 132 N.J.L. 584 (Sup. Ct.
1945); affirmed, 134 N.J.L. 129 (E. A. 1946); also Brehenyv. County of Essex, 136 N.J.L. 87 (Sup. Ct. 1947); affirmed,136 N.J.L. 524 (E. A. 1948).
The judgment of the County Court is reversed and the judgment of the Bureau is affirmed, with costs.