MORRIS FANTL, PLAINTIFF-RESPONDENT, v. CITY OF NEWARK, DEFENDANT-APPELLANT.

Argued February 2, 1953—Decided February 16, 1953.

*Mr. Thomas M. Kane* argued the cause for the appellant (*Mr. Charles Handler,* attorney).

*Mr. Thomas L. Parsonnet* argued the cause for the respondent (*Messrs. Parsonnet, Weitzman & Oransky,* attorneys).

The opinion of the court was delivered by

BURLING, J. This is a civil action. Plaintiff, Morris Fantl, instituted the action in the Superior Court, Law Division, to recover moneys allegedly due him as "sick leave" pay from the defendant City of Newark. From an adverse judgment in the trial court the defendant appealed to the Superior Court, Appellate Division. Prior to hearing there we allowed certification of the appeal to this court upon our own motion.

Morris Fantl, the plaintiff, was employed by the defendant City of Newark as a butcher at the city hospital from September 1914 until his involuntary retirement on September 8, 1951. That employment was in the "classified service" under the Civil Service Act. The facts giving rise to this action are not in dispute and are admitted by the defendant's answer or established as true in the pretrial order. In August 1951 Fantl was granted a vacation, to expire August 16, 1951. On August 14 of that year he became ill, and his illness endured until January 1, 1952. At the time his illness ensued he was receiving pay at the annual salary rate of $4,400, and as of August 16, 1951 he was entitled to 466 days of accumulated "sick leave." On September 8, 1951 the defendant retired the plaintiff, placing him on pension at the rate of one-half of his salary rate, or $2,200 per year. Money has been paid to plaintiff at the pension rate since his retirement, but has been received by him under protest.

This suit was instituted by the filing of plaintiff's complaint in the Superior Court on May 12, 1952. Plaintiff sought "judgment * * * in the sum of" $1,396 (*i. e.,* pay for sick leave at his salary rate prior to September 8, 1951 for the period from September 8, 1951 to January 1, 1952), evidently in addition to his pension. There was apparently no attack by the plaintiff upon the validity of the action of the defendant in placing plaintiff upon retirement. His retirement had been based by the defendant upon age (71 years) and length of service (36 years), under *R. S.*

43:12–1, as amended by *L*. 1939, *c*. 218, *sec*. 1, *L*. 1947, *c*. 160, *sec*. 1, *post*.

Trial was had in the Superior Court, Law Division, without a jury upon the pleadings and the facts as stipulated in the pretrial order. It devolved upon the trial court under those circumstances to declare that judgment which the law imposes. Judgment was entered "in favor of the plaintiff and against the defendant, in the sum of" $1,481.90 (*i. e.*, for his claim for "sick leave" pay at his salary rate prior to September 8, 1951, for the period from September 8, 1951 to January 1, 1952, with interest) and costs of suit.

The sole question involved in this appeal is whether a person in addition to pension may receive pay at the salary rate existing prior to his retirement, as "sick leave" pay during that portion of an illness (contracted before retirement) continuing after his retirement and until his accumulated sick leave may be exhausted or until his illness may terminate, whichever shall first occur.

The plaintiff bases his claim for "sick leave" pay after retirement upon *L*. 1939, *c*. 232, *p*. 630, *sec*. 3, as amended by *L*. 1943, *c*. 200, *p*. 547, *sec*. 1 (*N. J. S. A.* 11:24A–3), which reads as follows:

"In the preparation and administration of regulations regarding sick leaves of absence with pay, every employee in the classified service of such county, municipality or school district shall, in addition to his or her annual vacation-leave with pay, be granted sick leave, as hereinafter defined, with pay of not less than one working day for every month of service during the remainder of the first calendar year of service following permanent appointment and in addition fifteen working days in every calendar year thereafter. If any such employee requires none or only a portion of such allowable sick leave for any calendar year, the amount of such leave not taken shall accumulate to his or her credit from year to year and such employee shall be entitled to such accumulated sick leave of absence with pay if and when needed; *provided*, that in computing the amount of pay or sick leave, there shall be deducted the amount of money, if any, which the employee is paid under the provisions of chapter fifteen of Title 34 of the Revised Statutes of New Jersey for temporary disability, for any period for which he is entitled to sick leave with pay under this act. In computing the accumulation of sick leave, the years of service of such employee prior and subsequent to the adoption of this act shall be used."

The defendant relies upon *R. S.* 43:12–1, as amended by *L.* 1939, *c.* 218, *p.* 617, *sec.* 1, *L.* 1947, *c.* 160, *p.* 715, *sec.* 1; as authority for it to retire an employee against his will regardless of the existence of any amount of accumulated "sick leave" and at the rate of one half of his salary prior to retirement. (The further amendment to *R. S.* 43:12–1 effected by *L.* 1952, *c.* 109, *sec.* 1, is not applicable to this action.) *R. S.* 43:12–1, as amended in 1947, *supra,* provides:

"A person who has been continuously in the employ of any city for a period of twenty-five years and has reached the age of seventy years or who has been continuously in the employ of any city for a period of forty years and has reached the age of sixty years or who has been continuously or otherwise in the employ of any city for a period of twenty-five years and has reached the age of seventy-five years, may retire or be retired at any time  *   *   *   in semimonthly installments by the city one-half of the amount he was receiving as salary from the city at the time of his retirement.

Nothing in this section shall in any way affect the provisions of chapter sixteen of this Title (43:16–1 *et seq.*)."

The inquiry in this case is to determine the legislative intent. The crux of the determination of the present case is that the "sick leave" provision of the statutes under consideration, namely *L.* 1939, *c.* 232, *sec.* 3, as amended by *L.* 1943, *c.* 200, *sec.* 1 (*N. J. S. A.* 11:24*A*–3), *supra,* does not provide for an accumulation of pay, but merely for an increase by accumulation of the number of days of "sick leave," as defined by the statute, to which as an "employee in the classified service" a person is entitled in a subsequent year "with pay if and when needed." The statute itself defines "sick leave" as *"absence from post of duty of an employee because of illness,* accident, exposure to contagious disease, attendance upon a member of the employee's immediate family seriously ill  *   *   *, or absence caused by death in the immediate family of such employee  *   *   *."* (Emphasis supplied), *L.* 1939, *c.* 232, *p.* 631, *sec.* 5 (*N. J. S. A.* 11:24*A*–5).

The "sick leave" statute conditions resort to or allowance of accumulated sick leave upon "absence from post of

duty" *because of illness*. An individual's absence from his post of duty after retirement is because of the *retirement* and not because of *illness*, thus removing his right to "sick leave" under the express statutory terms. Further the statute, although providing for sick leave, annexes pay thereto only "if and when needed," implying that one unable to work is unable to earn his salary. That situation does not obtain in the case of a retired employee in receipt of a pension: he receives the pension regardless of his ability to work.

Further it is clear that the "sick leave" statute, *L. 1939, c. 232*, as amended *supra* (*N. J. S. A.* 11:24A–1 *et seq.*) relates only to an *employee*, and attaches the benefit of leave with pay only to one in continued employment. "It is axiomatic that to be entitled to compensation the relationship of employer-employee must exist and there is no such relationship in the case of a pensioner." *Breheny v. Essex County*, 136 *N. J. L.* 524, 525 (*E. & A.* 1948). And "The relationship of an employer and an employee is not consistent with the position of a pensioner as such, for the reason that a pensioner severs all relationship of employer and employee, *he has no further duty to his employer nor is he entitled to any of the benefits which may accrue to an employee * * *"* (emphasis supplied), *De Lorenzo v. Newark*, 134 *N. J. L.* 7, 9 (*E. & A.* 1946). *Cf. Eckert v. New Jersey State Highway Department*, 1 *N. J.* 474, 478–480 (1949).

The plaintiff argues that one could not be retired while absent on "sick leave." There is no such intent apparent in *R. S.* 43:12–1 as amended, *supra*, the retirement statute, nor may such an intent be drawn from the "sick leave" statute. The latter in no sense relates to a determination of the time of retirement but is only a means for administrative treatment of employees during their employment. Nor does it provide for the allotment of funds to an employee to be paid to him upon discharge, resignation or retirement. "Sick leave" constitutes authorized absence from duty for one or more of the reasons expressed in the statute; where there is no absence from duty the benefit may not be claimed.

■ For the reasons stated in this opinion the judgment of the Superior Court, Law Division, is reversed. This determination being dispositive of the cause, final judgment for the defendant will be entered in this court. *Rule* 1:4–9(*b*).

*For reversal*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, BURLING, JACOBS and BRENNAN—6.

*For affirmance*—Justice WACHENFELD—1.