DOROTHY E. FELICE, PETITIONER-APPELLANT, v. FELICE
OFFICE EQUIPMENT CO., RESPONDENT-APPELLEE.

Camden County Court
Law Division

Decided July 30, 1954.

*Mr. William Tomar* for petitioner-appellant (*Mr. Albert
K. Plone*, attorney).

*Mr. William G. Freeman* for respondent-appellee (*Messrs.
Starr, Summerill & Davis*, attorneys).

PALESE, J. C. C.  Dorothy Felice, wife of Thomas Felice, a partner in the respondent partnership, filed a claim petition seeking to recover compensation for injuries sustained by her while employed by the partnership.  The Deputy Director dismissed the claim petition upon the ground that the petitioner, the wife of one of the partners, cannot maintain a claim for compensation under the act, against the partnership.  It is from this· dismissal that the petitioner appeals to this court.

The facts in this case have been stipulated between counsel for the respective parties, and substantially are as follows:

The respondent is a partnership, consisting of Thomas Felice and Anthony J. Felice.  The partnership commenced business in August of 1948, and continues its operations from its place of business in Camden, New Jersey, and is engaged in the general business of the sale of office equipment, stationery and related items.

The petitioner,· Dorothy Felice, is the wife of one of the partners, to wit: Anthony J. Felice, and it was stipulated that she was in the employ of the partnership as a secretary, on the date of the accident, September 27, 1951.

On that date, the petitioner was making a deposit on behalf of the partners for the partnership account, and while returning from the bank, to the car, and while getting into the car, she struck her head on the body of the vehicle, at the top of the door frame.  As a result of this accident, she received injuries for which she filed a petition, in order to recover benefits under the Workmen's Compensation Act.

The only question involved on this appeal is whether compensation is recoverable under the Workmen's Compensation Act (*R. S.* 34:15–7 *et seq.*) by a wife who was injured while serving a partnership, at a stipulated weekly salary, in the operation of a business in which her husband was one of the partners.

The question for my determination is of first impression in this State.

In the case of *Bendler v. Bendler,* 3 *N. J.* 161, 69 *A.* 2d 302 (*Sup. Ct.* 1949), it was held that in order for a party to recover compensation, it is necessary to find a contractual relationship, creating an employer-employee relationship. In that case, a husband was injured while serving his wife in the operation of a business, which she conducted separate and apart from him. The court held that employment ordinarily presupposes a contractual relationship, and denied the husband the right to recover. The court stated as follows:

"But a contract of hire between spouses is utterly void and unenforceable at law. The acts empowering a married woman to bind herself by contract as if a femme sole, and to sue and be sued in her own name, apart from her husband, have not so far severed the unity of person and interest of husband and wife in the law as that their contracts *inter se* are enforceable at law and are no longer the subject of jurisdiction in courts of equity alone. The disablement of husband and wife to contract with and to sue each other continues 'except as heretofore, and except as authorized' by the provisions of the chapter relating to married persons embodied in the Revision of 1937. *P. L.* 1852, *p.* 407; *Revision of* 1874, *p.* 468, *sections* 5, 10, 11, 14; *Revision of* 1877, *p.* 638, *sections* 5, 10, 11, 14; *P. L.* 1895, *p.* 821; *Comp. Stat.* 1910, *p.* 3226, *sections* 5, 10, 11, 14; *P. L.* 1934, *p.* 490; *R. S.* 37:2–5, 37:2–6, 37:2–16, *Vide Alpaugh v. Wilson,* 52 *N. J. Eq.* 424, 28 *A.* 722 (*Ch.* 1894), affirmed 52 *N. J. Eq.* 589, 33 *A.* 50 (*E. & A.* 1894); *Turner v. Davenport,* 61 *N. J. Eq.* 18, 47 *A.* 766 (*Ch.* 1900), reversed on other grounds, 63 *N. J. Eq.* 288, 49 *A.* 463 (*E. & A.* 1901)."

The court went on to say further that:

"The Compensation Act is not applicable where the relationship of master and servant does not subsist; and there is no such relation where the purported contract of hire is void at law."

Contracts between husband and wife have been deemed objectionable, not only because they are inconsistent with the common-law doctrine of unity of person and interest, "but because they introduce the disturbing influence of bargain and sale into the marriage relation, and induce a separation rather than a unity of interests." See *Bendler v. Bendler, supra.* This is the principle of the statutory provision that

continues the common-law mutual disability of a husband and wife to contract *inter se* and to sue each other. See *Thompson v. Taylor,* 66 *N. J. L.* 253, 49 *A.* 544, 54 *L. R. A.* 585, 88 *Am. St. Rep.* 485 (*E. & A.* 1901). The removal of the disability of spouses to enter into a co-partnership *inter se,* was accomplished by the exercise of the legislative power, *L.* 1945, *c.* 130, *sec.* 1 (*R. S.* 37:2–16.1), and in so doing the Legislature limited the scope of the enabling provision.

The question therefore before the court is whether in view of the incapacity of husband and wife to enter into an employer-employee relationship by contract, the wife may enter into such relationship with a partnership in which her spouse is one of the partners.

Under our statute *R. S.* 42:1–15, each partner of a partnership is jointly and severally liable for everything chargeable to the partnership, under certain circumstances, and jointly liable for other debts and obligations of the partnership.

It is urged in support of the wife's right to recover, (1) that the defense of coverture is personal to the husband and not open to the partnership; and (2) that the partnership is a distinct and independent legal entity. These two propositions are to an extent interdependent, for unless the partnership is a distinct entity, separate and apart from the husband, a sufficient answer to the first proposition should be that in this case, the husband has himself alleged the coverture of the wife, as a defense to the action, for he, as one of the partners, joined in the defense to this petition.

It cannot be denied that in some respects, and for some purposes, a partnership may be regarded as a legal entity, but it is equally well settled that each of the partners are severally liable for the torts and obligations of the partnership. Title to corporate property is in the corporation, and the stockholders, as such, have no interest in it, but the title to partnership property is in the partners, as co-owners, and unlike corporations, the partners are individually liable. Without further elaborating the subject, it is sufficient to

say that for the purposes of this case, the vital difference between a partnership and a legal entity, complete in itself, such as a natural person or a corporation, is that each partner is severally liable to a petitioner who is injured in the course of her employment.

In view of that liability, the reasons advanced in *Bendler v. Bendler, supra,* denying a spouse the right to maintain a petition in workmen's compensation against his wife apply with equal force to a petition in compensation against a partnership of which the petitioner's husband is a member. The same dictates of public policy, which have been held to preclude persons who stand in the relation of husband and wife, from collecting compensation against the other, would also prevent either of them from maintaining such an action against a partnership of which the other was a member. See *David v. David,* 161 *Md.* 532, 157 *A.* 755, 81 *A. L. R.* 1100 (*Court of Appeals, Md.* 1932).

The petitioner argues further, that since there is compulsory insurance coverage, that the principles enunciated by our courts, with respect to the matter under consideration, should be abandoned. However, as stated in *Bendler v. Bendler, supra,* "It is no answer to say that the statute makes insurance coverage compulsory. The legislative command may not be observed; and the insurance carrier may become insolvent. The employer's liability for compensation is primary. *R. S.* 34:15–82, 34:15–86; *Vide Brown v. Conover,* 116 *N. J. L.* 184, 183 *A.* 304 (*Sup. Ct.* 1936)."

It is concluded, therefore, that a wife may not maintain a petition in workmen's compensation against a partnership of which her husband is a member. Therefore, the determination of the Deputy Director of the Division of Workmen's Compensation is affirmed.